OPINION
Defendant-Appellant, Michael G. Schmidt ("Schmidt"), appeals from a judgment of conviction and sentence entered by the Mercer County Common Pleas Court finding him guilty of four counts of gross sexual imposition, all third degree felonies in violation of R.C. 2907.05(A)(4). Schmidt asserts that, in imposing the maximum term on each count and ordering that the sentences be served consecutively, the trial court did not make the appropriate statutory findings and failed to state its reasons for those findings. Though the record reveals that Schmidt was not sentenced to the maximum five year term for any of the third degree felonies and that proper findings were made in support of the imposition of more than the minimum sentence, the trial court failed to provide, at the sentencing hearing, a factual explanation setting forth the basis for its findings supporting the imposition of consecutive sentences, as mandated by R.C. 2929.19(B)(2)(c). Therefore, we must vacate the judgment of sentencing as it relates to the imposition of consecutive sentences and remand the matter for resentencing on that issue.
The facts relevant to this appeal are as follows. In January 2001, the Mercer County Sheriff's Office filed an affidavit alleging that Schmidt had engaged in sexual contact and sexual conduct on various occasions with two minor sisters, ages twelve and nine. On March 15, 2001, the Mercer County Grand Jury returned an eight count indictment charging Schmidt with committing sexual offenses against the girls, including five counts of rape and three counts of gross sexual imposition. Schmidt entered pleas of not guilty to all counts. Pursuant to plea negotiations, Schmidt withdrew his former not guilty pleas and entered guilty pleas to four counts of gross sexual imposition. On June 28, 2001, the trial court sentenced Schmidt to a four-year period of incarceration on each count and ordered that the sentences be served consecutively. This appeal followed.
Schmidt presents the following assignment of error for our consideration.
 Assignment of Error The trial judge erred in sentencing the Defendant-Appellant to the maximum sentence for each count and having the Defendant-Appellant serve them consecutively.
Ohio felony sentencing law requires that a trial court make various findings on the record before it may properly impose a sentence. A trial court must be in strict compliance with the relevant sentencing statutes by making all necessary findings on the record at the hearing on sentencing.[1] Furthermore, when required, the court must state its particular reasons for doing so.[2]
Pursuant to R.C. 2929.14(A)(3), a felony of the third degree warrants a definite prison term of one, two, three, four, or five years.[3]
However, R.C. 2929.14(B) mandates that when imposing a prison term upon an offender for a felony when the offender has not previously served a prison term, the court must impose the shortest term unless it finds on the record that "the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." If the court makes this preliminary finding, it may then properly impose the maximum term upon concluding, among other things, that the offender committed one of the worst forms of the crime or that the offender poses the greatest likelihood of committing future crimes.[4] In addition, R.C. 2929.19(B)(2)(d) requires the sentencing court to state its reasons for imposing the longest prison term available.
R.C. 2953.08(G)(2) authorizes appellate courts to increase, reduce, or otherwise modify or vacate a sentence and remand the matter to the trial court for re-sentencing if the court finds by clear and convincing evidence that the record does not support the sentencing court's statutorily mandated findings or that the sentence is otherwise contrary to law. However, in reviewing sentencing determinations, an appellate court should not simply substitute its judgment for that of the trial court, as the trial court is "clearly in the better position to judge the defendant's dangerousness and to ascertain the effect of the crimes on the victims."[5] Unless the sentence is clearly unsupported by the record, an appellate court should provide a trial court the opportunity to clarify or explain the reasons for the sentence imposed.[6]
 Maximum Sentences:
Schmidt asserts that the trial court failed to make the requisite R.C.2929.14(C) findings essential for the imposition of maximum sentences for his underlying convictions. However, a review of the record clearly indicates that the trial court sentenced Schmidt to four years imprisonment on each count, as opposed to the five year maximum for third degree felonies, and, therefore, the mandates of R.C. 2929.14(C) are not applicable. Furthermore, Schmidt acknowledges and does not contest the trial court's finding that "the minimum term would demean the seriousness of the offender's conduct and would not adequately protect the public from future crimes by the offender or others."[7] Therefore, we find that the record supports the sentencing court's statutorily mandated findings and that the sentence is not otherwise contrary to law in this regard.
 Consecutive Sentences:
Schmidt also argues that the trial court erred by failing to state, on the record, its reasoning for imposing consecutive sentences.
Under Ohio felony sentencing law, a trial court must make specific findings on the record prior to sentencing a defendant to consecutive sentences. R.C. 2929.14(E) states, in pertinent part:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Additionally, the trial court must comply with R.C. 2929.19(B)(2)(c), which states:
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 * * *
 (c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences.[8]
In State v. Edmonson,[9] the Ohio Supreme Court articulated the difference between making a finding on the record and giving reasons for imposing a certain sentence. The Court indicated that "finds on the record" merely means that a trial court must specify which statutorily sanctioned ground it has relied upon in deciding to impose a particular sentence, i.e., that the offender committed one of the worst forms of the offense.[10] When a statute further requires the court to provide its reasons for imposing a sentence, as in the case of a maximum term or consecutive sentences, the court must make the applicable findings and then provide a factual explanation setting forth the basis for those findings.[11] Failure to sufficiently state these reasons on the record constitutes reversible error and requires a remand of matter for sentencing.[12]
Here, a review of the transcript of the sentencing hearing reveals that the trial court did find that "consecutive sentences are necessary to protect the public and punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."[13] The court also found that "the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct."[14] These findings, on the record, are sufficient to establish compliance with R.C. 2929.14(E). However, the trial court failed to provide at the sentencing hearing a factual explanation setting forth the basis for those findings. Regardless of whether the record supports such a determination, the foregoing conclusory statements, which merely mimic the statutory language, do not constitute full compliance with the statutory requirements set forth in R.C. 2929.19(B)(2)(c) and cannot support the imposition of consecutive sentences.[15] Therefore, we must find that the trial court's imposition of consecutive sentences on this record is contrary to law.
Accordingly, Schmidt's assignment of error is overruled in part and sustained in part.
Having found error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of sentencing is vacated and the matter is remanded for resentencing insofar as it relates to the imposition of consecutive sentences.
Judgment affirmed in part, vacated in part and cause remanded.
SHAW, P.J., and HADLEY, J., concur.
[1] State v. Bonanno (June 24, 1999), Allen App. Nos. 1-98-59, 1-98-60, unreported.
[2] Id.
[3] R.C. 2929.14(A)(3).
[4] See R.C. 2929.14(C).
[5] State v. Jones, (2001), 93 Ohio St.3d 391, 400.
[6] Id.
[7] See R.C. 2929.14(B).
[8] Emphasis added.
[9] State v. Edmonson (1999), 86 Ohio St.3d 324.
[10] Id. at 326.
[11] Id. See, also State v. Jones, 93 Ohio St.3d at 399.
[12] State v. Gary (2001), 141 Ohio App.3d 194, 196; State v. Martin
(2000), 140 Ohio App.3d 326, 334.
[13] See R.C. 2929.19(E)(4).
[14] See R.C. 2929.19(E)(4)(b).
[15] Gary, 141 Ohio App.3d at 197; Edmonson,86 Ohio St.3d at 326.