OPINION
The defendant/appellant, Don K. Sharp, appeals from a judgment of the Allen County Court of Common Pleas, sentencing him to serve two consecutive five-year prison terms after the appellant pled guilty to two count's of gross sexual imposition. For the following reasons, we affirm the judgment of the trial court.
The defendant was arrested after his stepdaughter revealed that he molested her over a period of approximately three years, while she was between the ages of six and ten. On November 7, 2001, the appellant appeared in court on a bill of information which charged him with two counts of gross sexual imposition, a third degree felony in violation of R.C. 2907.05(A)(4). The appellant waived his right to have the case presented before a grand jury and was arraigned on the bill of information. He subsequently pled guilty to the bill. A pre-sentence investigation was ordered. At a December 21, 2001 sentencing hearing, the appellant was sentenced to two five-year terms of imprisonment, to be served consecutively. The appellant now brings the instant appeal, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR "The trial court committed an error of law by imposing consecutivesentences."
The appellant asserts that the trial court erred by imposing consecutive sentences without making the required statutory findings nor stating the factual basis for its decision.
R.C. 2953.08(G)(1) permits this Court to vacate a sentence and remand it to the trial court for the purpose of resentencing in the event that we clearly and convincingly find that the record does not support the sentence or that the sentence is otherwise contrary to law.
R.C. 2929.14(E)(4), which governs the imposition of consecutive sentences, states in relevant part:
"(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offender was * * * under post-release control for a prior offense.
"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
In addition to making the requisite findings under R.C. 2929.14(E)(4), the trial court must also comply with R.C. 2929.19(B)(2)(c) when imposing consecutive sentences. R.C. 2929.19(B)(2)(c) states:
"(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
"(a) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."Emphasis Added.
As we explained in State v. Schmidt,[1] when a statute further requires the court to provide its reasons for imposing a sentence, as in the case of consecutive sentences, the court must make the applicable findings and then provide a factual explanation setting forth the basis for those findings.[2] Failure to sufficiently state these reasons on the record constitutes reversible error and requires a remand of matter for sentencing.[3]
A review of the sentencing transcript reveals that the trial court found that the imposition of consecutive sentences was "necessary to protect the public and punish the defendant." The court went on to state:
"Further the consecutive sentences are not disproportionate to the conduct since the defendant poses the greatest danger and the harm committed by the defendant was so great or unusual that a single term, and I stress that in this case, a single term does not adequately reflect the seriousness of the defendant's conduct.
"The court further finds that the shortest term would demean the seriousness of the defendant's conduct and would not adequately protect the public from future crimes by the defendant or others."
These findings, made on the record, are sufficient to establish compliance with R.C. 2929.14(E).
We find that the court also fulfilled the statutory requirements of R.C. 2929.19(B)(2)(c) by setting forth the factual basis for its findings. The court noted that the defendant's abuse occurred "not just once or twice but over a number of [sic] period of times." The court further stated "[t]hat he [the defendant/appellant] stole the innocence of this young child and how that can never be repaired. * * * * [T]he court believes that the term in this case is sufficient to allow the child to reach adulthood and possibly be away from the defendant to get her life back together." All of these factual considerations were provided just after the consecutive sentences were imposed.
Just prior to imposing sentence, the court made the following statements on the record:
"We have a child that was molested sexually by her stepfather over a period of three (3) years at least ten (10) times.
"We have partial penetration. We had instances of masturbation by the victim on the defendant. We have insertion of his penis in her vagina, in her anus.
"He used his position of stepfather. And then in the report some way or another attempts to place the victim at fault for trying to control him, saying that she was in love with him."
Thus, a review of the transcript reveals that the trial court set forth multiple factual justifications for the imposition of consecutive sentences in this case.
The appellant complains that the trial court erroneously stated during the sentencing hearing: "But first of all consecutive terms are mandated and specified by law. They're separate offenses." The appellant correctly points out that, while R.C. 2929.13(F)(3) mandates that he serve a prison term in this case because the victim was under the age of thirteen, it does not require the imposition of consecutive sentences. However, we fail to see how the appellant was prejudiced by this misstatement since, as discussed above, the trial court made abundant findings to support its sentence pursuant to R.C. 2929.14(E)(4).
Accordingly, the appellant's sole assignment of error is not well taken and is hereby denied.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT and WALTERS, J.J., concur.
[1] (Feb. 6, 2002), Mercer App. No. 10-01-10.
[2] Id., citing State v. Edmonson (1999) 86 Ohio St.3d 324, 326. See, also State v. Jones (2001), 93 Ohio St.3d 391, 399.
[3] State v. Gary (2001), 141 Ohio App.3d 194, 196; State v. Martin
(2000), 140 Ohio App.3d 326, 334.