JOURNAL ENTRY AND OPINION
Defendant-appellant, Jeffrey Jefferson, appeals the decision of the Cuyahoga County Common Pleas Court, which sentenced him to consecutive terms of imprisonment following convictions for felonious assault and attempted felonious assault. For the reasons that follow, we affirm the trial court's decision in part but vacate appellant's sentence and remand for resentencing.
The record reveals that appellant is a long-time user of marijuana and PCP. On the night of the offense, appellant was at the home of his cousin, Sonya Boyd, who is the mother of nine-month-old Anthony. When Anthony began crying, Sonya asked appellant to hold him while she prepared a bottle for him. Appellant did so but apparently became disoriented due to his recent use of PCP and marijuana. He began smothering the child with his weight and biting him on his torso. Initial attempts to retrieve Anthony from appellant's hold were unsuccessful. In an effort to prevent appellant from continuing to bite Anthony, Sonya inserted her thumb into appellant's mouth whereupon he bit her as well. Anthony was eventually freed from appellant's grasp and taken to MetroHealth Medical Center for treatment where he remained for four days. Sonya likewise was treated at that facility but released that same day.
Appellant was subsequently indicted for three counts of felonious assault against Anthony and one count of the same against Sonya, in violation of R.C. 2903.11. He was also indicted for one count of attempted murder against Anthony, in violation of R.C. 2903.02 and 2923.02. Appellant eventually pleaded guilty to one count of felonious assault and one count of attempted felonious assault, second and third degree felonies, respectively. The remaining charges were nolled.
At the sentencing hearing that followed, appellant made a statement and the trial court questioned him extensively regarding his use of PCP. Anthony's mother also made a statement about the effect appellant's criminal behavior has had on her and her family. After detailing the offense on the record, the trial court sentenced appellant to consecutive terms of imprisonment of six years on the felonious assault charge and three years on the attempted felonious assault charge. Appellant is now before this court and assigns two errors for our review, both of which challenge the sentence imposed by the trial court.
 I.
In his first assignment of error, appellant contends that the trial court erred in sentencing him to consecutive terms of imprisonment when such a sentence is not supported by the record.
R.C. 2929.14 governs the imposition of prison terms for felony convictions and, as applicable to this case, provides for prison terms of two to eight years for second degree felonies and one to five years for third-degree felonies. R.C. 2929.14(A)(2) and (3). A court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4).
Imposing consecutive prison terms for convictions of multiple offenses, therefore, is appropriate upon making certain findings as enumerated in this statute. When the trial court does so, however, it must state its reasons on the record. See R.C. 2929.19(B)(2)(c). Failure to sufficiently state these reasons on the record constitutes reversible error. See State v. Albert (1997), 124 Ohio App.3d 225; see, also, State v. Gary (2001), 141 Ohio App.3d 194.
Prior to sentencing appellant, appellant expressed his remorse and the trial court took this as an opportunity to extensively question appellant regarding his past drug use and its effects. The trial court judge thereafter sentenced appellant to consecutive terms of six and three years on each of charges. In deciding to run the sentences consecutive, the court stated:
 * * * the Court finds that running them consecutive is necessary to protect the public, mainly children of tender years, as well as to punish [appellant] because of his knowing conduct, knowing how he reacts to PCP, especially when combined with the marijuana.
The Court finds that the combined sentence of nine years would not [be] disproportionate to the seriousness of this conduct, acting inhuman towards a nine-month old baby. The harm caused by this act has not yet fully shown itself. Obviously those people, including Miss Boyd, who witnessed the event are I'm sure traumatized by it and Anthony, only time will tell what a nine month old baby mauled by a human being will suffer. The harm is not disproportionate to the sentence.
As can be surmised from the excerpt above, the trial court did specifically find that the imposition of consecutive sentences is necessary to protect the public from future crime and that the sentences are not disproportionate to the seriousness of appellant's conduct. Nonetheless, appellant claims that the trial court failed to address the variables under R.C. 2929.14(E)(4)(a) through (c) when it decided to sentence appellant to consecutive terms of imprisonment. We disagree. Contrary to appellant's argument, the court need not find all three of the factors present, one will suffice. In this case, the court found that the harm caused was great and, in fact, detailed that harm extensively.
Notwithstanding that finding, however, we find that the imposition of consecutive sentences in this case is disproportionate to the seriousness of appellant's conduct, despite its express finding to the contrary. To be sure, appellant viciously attacked Anthony and for that the trial court sentenced appellant within the range of the term of imprisonment consistent with the statute. The harm, however, to Anthony's mother a bite to her thumb is drastically different from that inflicted on a defenseless child. That does not mean that the harm caused to Anthony's mother goes unpunished. To the contrary, a term of imprisonment proportionate to the offense or a sentence concurrent to that imposed for assaulting Anthony satisfies the purposes of felony sentencing.
We acknowledge that we, as a reviewing court, are not to substitute our judgment for that of the trial court and that R.C. 2953.08(G), as amended, requires us to remand for resentencing when the trial court fails to make the necessary findings required by statute. See State v. Jones, 93 Ohio St.3d 391, 400, 2001-Ohio-1341; see, also, R.C.2953.08(G)(1). Nonetheless, we find that the trial court did state the required findings on the record as mandated by R.C. 2953.08(G)(1). Consequently, we are guided by R.C. 2953.08(G)(2), which authorizes a reviewing court to increase, reduce, or otherwise modify a sentence when the record does not support the sentencing court's findings relative to the imposition of consecutive sentences under R.C. 2929.14(E)(4) or to vacate the sentence and remand for resentencing. We choose the latter.
Appellant's first assignment of error is well taken and is sustained. Appellant's sentence is vacated and remanded for resentencing.
 II.
In his second assignment of error, appellant contends that his sentence is also contrary to law because the trial court (1) failed to sentence him to the minimum sentence as authorized by R.C. 2929.14(B); and (2) imposed an aggregate sentence greater than the maximum allowed for felonious assault.
 A.
As pertains to his argument regarding the imposition of more than the minimum sentence, we note that a reviewing court will not reverse a sentence unless that court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law. See R.C. 2953.08(G). In this case, appellant was convicted of felonious assault, which is a second degree felony pursuant to R.C. 2903.11, and kidnaping, which is a first degree felony pursuant to R.C. 2905.01. If prison is not inconsistent with the purposes and principles of R.C. Chapter 2929, a definite term of two, three, four, five, six, seven or eight years is required for a second degree felony under R.C. 2929.14(A)2) while a definite term of three, four, five, six, seven, eight, nine or ten years is required for a first degree felony under (A)1) of that same statute.
The overriding purpose of felony sentencing is to protect the public from future crime by the offender and others and to punish the offender. Towards that end, R.C. 2929.11(A) provides:
 To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
R.C. 2929.14(B) provides, in relevant part:
 * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
Appellant argues that, because he has never before served a prison term, the trial court erred when it sentenced him to more than the minimum sentence. Appellant neglects to read the entire statute. It specifically states that the minimum shall be imposed unless the court finds on the record that the minimum sentence would demean the seriousness of an offender's conduct or would not adequately protect the public from future crime.
In sentencing appellant, the trial court specifically stated that it would find that the minimum sentence of two years for this crime would seriously demean the seriousness of the offense. This statement, in combination with the court's extensive review of the events surrounding appellant's conviction, supports that the trial court considered the minimum sentence but chose to depart from that sentence. Consequently, it is immaterial that appellant had never previously served a prison term as long as the court, on the record, supported its reasons for departing from the minimum sentence as it did. Accordingly, to the extent that appellant's second assignment of error is addressed to this argument, it is not well taken and is overruled.
 B.
Appellant also argues that his sentence is contrary to law because the aggregate sentence exceeds the maximum possible sentence for a second degree felony. In support of his argument, appellant relies on this court's decision in State v. Youngblood (May 17, 2001), Cuyahoga App. No. 77997, wherein we stated that the imposition of consecutive sentences, in general, is disfavored for offenses arising out of a single incident. Because the purpose behind felony sentencing is thereby defeated when the imposition of consecutive sentences in the aggregate exceeds the maximum sentence for the offense of the highest degree, appellant argues that several courts, including this court, have interpreted R.C. 2929.19(B)(2)as requiring the trial court to state its reasons as it would when imposing the maximum sentence. Due to our disposition of appellant's first assignment of error, however, we need not address this argument. See App.R. 12(A)(1)(c).
The judgment of the trial court sentencing appellant to consecutive terms of imprisonment is hereby vacated and remanded for resentencing. The judgment is otherwise affirmed.
Appellant's sentence is vacated and this cause is remanded for resentencing consistent with the opinion herein.
It is, therefore, ordered that appellant and appellee equally share the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., CONCURS KENNETH A. ROCCO, J. (DISSENTS WITH SEPARATE OPINION)