OPINION
{¶ 1} The defendant/appellant. Davetti C. Krug, appeals from the judgment of the Wyandot County Court of Common Pleas, sentencing him to a term of eleven months in prison, to be served consecutively to his prior sentence, and suspending his Ohio driver's license for four years. We hereby affirm the judgment of the trial court.
 {¶ 2} Pursuant to a plea agreement, the appellant pled guilty to one count of Possession of Cocaine, a violation of R.C. 2925.11 and a felony in the fifth degree. At the time the appellant committed the offense for which he was convicted, he was on parole from another violation. Therefore, the appellant's previous sentence was reinstated. The trial court then sentenced the appellant to serve an additional prison term of eleven months for the new conviction, which was to run consecutive to the prior term. In addition, the appellant's driver's license was suspended for four years. The appellant now brings the instant appeal, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 3} "The Trial Court's sentence of eleven months for the instant offense to be served consecutively to the Ohio Department of Correction and Rehabilitation sentence Defendant was serving at the time is not supported by the record and is contrary to law."
 {¶ 4} The appellant argues that the trial court's sentence is not supported by the record in this case and is contrary to law. The crux of his argument seems to be that the sentence imposed essentially punished him for his parole violation, that the trial court cannot properly impose such a sanction, and that, as such, the sentence is contrary to the overriding purposes of felony sentencing. We disagree with the appellant.
 {¶ 5} We note at the outset that this Court is somewhat baffled at the appellant's argument that the trial court's sentence in the instant case amounts to punishment for his parole violation. It is self-evident that because the appellant was convicted of a new crime, he would be sentenced upon that conviction. Also, R.C. 2929.13(B)(1) specifically mandates that when fashioning an appropriate sentence for a felony in the fifth degree, the trial court must consider whether "[t]he offender committed the offense while under a community control sanction, while on probation, or while otherwise released from custody on a bond or personal recognizance." Clearly, the trial court properly considered the appellant's parole violation in fashioning his sentence. Notwithstanding, we turn to a determination of the appropriateness of consecutive sentences in the instant case.
 {¶ 6} R.C. 2953.08(G)(1) permits this Court to vacate a sentence and remand it to the trial court for the purpose of resentencing in the event that we clearly and convincingly find that the record does not support the sentence or that the sentence is otherwise contrary to law.
 {¶ 7} R.C. 2929.14(E)(4), which governs the imposition of consecutive sentences, states in relevant part:
 {¶ 8} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 9} "(a) The offender committed the multiple offenses while the offender was * * * under post-release control for a prior offense.
 {¶ 10} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 11} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 12} In addition to making the requisite findings under R.C.2929.14(E)(4), the trial court must also comply with R.C. 2929.19(B)(2)(c) when imposing consecutive sentences. R.C. 2929.19(B)(2)(c) states:
 {¶ 13} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 14} "* * *
 {¶ 15} "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 16} As we explained in State v. Schmidt,[1] when a statute further requires the court to provide its reasons for imposing a sentence, as in the case of consecutive sentences, the court must make the applicable findings and then provide a factual explanation setting forth the basis for those findings.[2] Failure to sufficiently state these reasons on the record constitutes reversible error and requires a remand of the matter for sentencing.[3]
 {¶ 17} In the instant case, the trial court found as follows:
 {¶ 18} "The Court further orders that this sentence be served consecutively, uh, to the current sentence, it being necessary to fulfill the purposes of [the statute] since the Court further finds consecutive terms are necessary to protect the public from future crime.
 {¶ 19} "Consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger offender poses to the public.
 {¶ 20} "Defendant was under, uh, supervision when the, the current offense was committed. Defendant's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime in that, as factors for these findings, defendant has a significant prior record, including burglaries, robberies, aggravated arson, assault. He was under supervision, committing new crimes, not being truthful with his parole officer and failing to keep appointments as scheduled."
 {¶ 21} It is apparent that the trial court complied fully with R.C. 2929.14(E)(4) by making the required findings, and that the court further fulfilled R.C. 2929.19(B)(2)(c) by providing the factual basis for its findings under R.C. 2929.14(E)(4). Accordingly, we find that the appellant's sole assignment of error is not well-taken and is hereby denied.
 {¶ 22} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT and WALTERS, JJ., concur.
[1] (Feb. 6, 2002), Mercer App. No. 10-01-10.
[2] Id., citing State v. Edmonson (1999) 86 Ohio St.3d 324, 326. See, also State v. Jones (2001), 93 Ohio St.3d 391, 399.
[3] State v. Gary (2001), 141 Ohio App.3d 194, 196; State v. Martin
(2000), 140 Ohio App.3d 326, 334.