The STATE of Ohio, Appellee,

v.

GARY, Appellant.

[Cite as *State v. Gary* (2001), 141 Ohio App.3d 194.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77849.

Decided March 5, 2001.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Ronni Ducoff*, Assistant Prosecuting Attorney, for appellee.

*James A. Draper*, Cuyahoga County Public Defender, and *John T. Martin*, Assistant Public Defender, for appellant.

TIMOTHY E. McMONAGLE, Presiding Judge.

Defendant-appellant Dwayne Gary appeals the decision of the Cuyahoga County Common Pleas Court, which sentenced him to consecutive terms of four years on each of two counts of gross sexual imposition.

The record reveals that the victims in this case are cousins and had resided in the same household with appellant and his wife, who was the mother of one of the girls and guardian to the other. Appellant would pull one of the victims on top of him and would squeeze and rub her buttocks while he would rub "up and down against her in a grinding motion." Appellant would have the other victim sit on his lap, hold her by hips and "pump her up and down against his private area." Both victims stated that this activity, which apparently took place over a four-month period of time, took place with their clothes on and that appellant did not touch them anywhere else.

On November 24, 1999, an indictment was returned charging appellant with twenty-two counts of gross sexual imposition, in violation of R.C. 2907.05. As charged, these offenses are classified as third-degree felonies because the victims were under the age of thirteen. See R.C. 2907.05(A)(4) and 2907.05(B). Appellant eventually entered a plea of guilty to two of the counts and was sentenced to consecutive four-year terms of incarceration on each count. The remaining counts were nolled.

Appellant is now before this court and assigns the following error for our review:

"The trial court erred by ordering consecutive sentences without furnishing adequate reasons for all of the findings required by R.C. 2929.14(E)(4) and in so doing also presents an issue for appellate review pursuant to R.C. 2953.08(C)."

R.C. 2929.14 governs the imposition of prison terms for felony convictions and, as applicable to this case, provides for prison terms of one to five years for third-degree felonies. R.C. 2929.14(A)(3). A court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4).

■ Imposing consecutive prison terms for convictions of multiple offenses, therefore, is appropriate upon making certain findings as enumerated in this statute. When the trial court does so, however, it must state its reasons on the record. See R.C. 2929.19(B)(2)(c). Failure to sufficiently state these reasons on the record constitutes reversible error. See *State v. Albert* (1997), 124 Ohio App.3d 225, 705 N.E.2d 1274; see, also, *State v. Jones* (July 6, 2000), Cuyahoga App. No. 76222, unreported, 2000 WL 897321.

■ In sentencing appellant, the court stated:

"I'm going to make the following statutorily required findings pursuant to Revised Code 2929.14(E)(4) and that is consecutive terms are necessary to protect the public. Consecutive terms are necessary to punish the offender. The terms are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, that the harm caused was so great that no single prison term adequately reflects the seriousness of the conduct. And, most certainly, because we have two victims in this case, that particular finding, of course, is very applicable.

"In addition, the offender's history of criminal conduct demonstrates that the consecutive sentences are necessary to protect the public from future crimes by this defendant.

"So, therefore, I'm going to sentence the defendant to four years, to run consecutive to the four years for [V.O.], so do an additional four years for perpetrating the GSI upon one [V.T.], so that will be a total of eight years."

While the trial court stated that it was making the "statutorily required findings," the record fails to support that it did so. It merely made conclusory statements that mimicked the statute's language without analyzing whether appellant's conduct justified those conclusions. Such conclusory statements do not satisfy the statute's requirements and cannot support the imposition of consecutive sentences. See *State v. Beck* (Mar. 30, 2000), Cuyahoga App. No. 75193, unreported, at 11, 2000 WL 336506.

It is true that the court attached some significance to the fact that two victims were involved. While stating that this "particular finding" is "of course" applicable, this court cannot determine precisely to *what* it was applicable when the court failed to make any logical connection between this statement and those statements preceding it.

█ It is likewise true that the trial court considered appellant's criminal history and the need to protect the public before sentencing him. Succinctly, appellant had been charged with several offenses dating back to 1987, including grand and petty theft, felonious assault, aggravated robbery, robbery, disorderly conduct, and breaking and entering. He was placed on probation on each conviction obtained as a result of these charges until he was found to have violated the terms of his probation and accordingly sentenced to a six-month term of incarceration.

█ Consideration of appellant's criminal history alone, however, is insufficient to satisfy the statute's requirements as to the imposition of consecutive sentences. See *State v. Stadalsky* (Apr. 13, 2000), Cuyahoga App. No. 75504, unreported, at 7, 2000 WL 377503. The statute also requires that the trial court determine whether the imposition of consecutive sentences is not disproportionate to the seriousness of appellant's conduct. In this case, there is nothing in the record to indicate as such. While not condoning appellant's conduct with these two young girls or denying that such conduct is serious enough to warrant punishment, the imposition of consecutive four-year sentences is disproportionate to the degree of seriousness of appellant's crimes. Accordingly, appellant's sentences should have been ordered to be served concurrently.

Appellant's sole assignment of error is well taken and appellant's sentence is modified so that the four-year sentences are to be served concurrently. See R.C. 2953.08(G)(1)(a). The trial court is hereby directed to vacate its prior sentencing order journalized March 15, 2000, and issue a journal entry consistent with this

198

opinion. The trial court is further directed to take all necessary administrative steps to inform the prison system of appellant's modified sentence.

*Judgment accordingly.*

KILBANE and DYKE, JJ., concur.