JOURNAL ENTRY and OPINION
This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Defendant-appellant John McCord appeals from the maximum sentence imposed by the trial court. We find merit to the appeal and vacate McCord's sentence and remand for resentencing.
McCord was indicted in two different cases. In Case No. CR-365208, he was indicted on one count of possession of drugs. In Case No. CR-365652, he was indicted on one count of robbery and one count of drug trafficking. He pled guilty to possession of drugs and robbery. The drug trafficking charge was nolled.
On September 15, 1998, the trial court sentenced McCord to twelve months for possession of drugs and five years on the robbery charge, to run consecutively. This court granted McCord's motion to file a delayed appeal. He assigns one assignment of error for review.
 I. JOHN McCORD WAS DENIED HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY THE MAXIMUM, CONSECUTIVE SENTENCES IMPOSED IN THE CASE AT BAR, AS SAID SENTENCES DO NOT COMPORT WITH OHIO'S NEW SENTENCING STRUCTURE.
McCord argues that the trial court failed to make the requisite findings in imposing maximum, consecutive sentences.
When imposing the maximum sentence for an offense, the sentencing court is required to make a finding that the offender fits within one of the categories listed in R.C 2929.14(C). The trial court, according to R.C.2929.19(B)(2)(d), must also state its reasons that support its finding.State v. Parker (June 7, 2001), Cuyahoga App. No. 78257, 78809, unreported.
Likewise, in imposing consecutive prison terms for convictions of multiple offenses, the trial court must make certain findings enumerated in R.C. 2929.14(E)(4). According to this statute, a court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under a community control sanction or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E).
When the trial court makes these findings in support of imposing consecutive sentences, it must also state its reasons on the record why it made the findings. State v. Gary (2001), 141 Ohio App.3d 194.
In imposing McCord's sentence, the trial court stated as follows:
 In Case No. CR-365208, the felony of the fifth degree, I'm going to order you to serve 12 months on that.
 Now, on the robbery case, Case No. CR-365652, I'm going to order you to serve five years, and that's to run consecutive with the 12 months, maximum fine.
(TR. 8).
We find that the trial court failed to provide the requisite findings and sufficient reasons on the record in support of its imposing maximum, consecutive sentences.
McCord's sole assignment of error is well taken.
Sentence is vacated and case is remanded for resentencing.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and MICHAEL J. CORRIGAN, J. CONCUR.