JOURNAL ENTRY AND OPINION
Defendant-appellant, Rodney Clark (defendant), appeals from the trial court's sentencing in connection with his guilty pleas to one count of abduction[1] and one count of sexual battery.[2] For the reasons set forth below, we hereby vacate the sentence and remand this matter for re-sentencing.
On January 10, 2001, defendant was indicted pursuant to a six-count indictment. Count One charged defendant with kidnapping with sexual motivation.[3] Counts Two, Three and Four charged him with rape[4]
and Counts Five and Six charged defendant with aggravated burglary.[5]
Defendant subsequently entered into a plea agreement with the state whereby defendant pleaded guilty to the amended indictment which included one count of abduction and one count of sexual battery.
The record reveals that defendant met the victim through a telephone chat line and that he arranged to meet with her. On January 10, 2001, the defendant went to the victim's home where he proceeded to violently attack her and forced her to submit to sex with him. Defendant's actions inflicted severe physical and emotional pain upon the victim. On October 4, 2001, defendant pled guilty to abduction and sexual battery. On November 15, 2001, the trial court permitted defendant and his family to be heard in mitigation and then sentenced defendant to concurrent five-year terms for both Counts One and Two. The transcript reflects that defendant had not previously served a term of imprisonment. Defendant now appeals and assigns two errors for our review.
We address defendant's interrelated assignments of error together which state:
 I. THE DEFENDANT'S SENTENCE IS CONTRARY TO LAW, AS THE TRIAL COURT SENTENCED DEFENDANT, A FIRST-TIME OFFENDER, TO MORE THAN THE SHORTEST PRISON TERMS AUTHORIZED WITHOUT MAKING THE REQUIRED FINDINGS ON THE RECORD.
 II. THE DEFENDANT'S SENTENCE IS CONTRARY TO LAW, AS THE TRIAL COURT SENTENCED DEFENDANT TO THE LONGEST PRISON TERMS AUTHORIZED WITHOUT MAKING THE REQUIRED FINDINGS ON THE RECORD.
Within these assignments of error, defendant complains that the trial court failed to comply with the statutory requirements of R.C. 2929.14
and R.C. 2929.19.
R.C. 2929.14(A)(3) provides that for a felony of the third degree, the prison term shall be one, two, three, four, or five years. In the instant case, the trial court imposed the maximum five-year prison terms for the third-degree felonies of abduction and sexual battery.
R.C. 2929.14(B) provides that:
 [i]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
(Emphasis added.)
Our review of the transcript shows that defendant had not previously served a prison term. Therefore, when the trial court sentenced defendant to the maximum term of imprisonment for the offenses it was obligated to comply with R.C. 2929.14(B) by finding on the record that the shortest prison term would demean the seriousness of defendant's conduct or that it would not adequately protect the public from future crime by the defendant or others. We find that the trial court failed to do so.
Similarly, the trial court failed to include the reasons for the imposition of maximum sentences, counter to the requirements of R.C.2929.14(C).
R.C. 2929.14(C) provides:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
As defendant was convicted for two offenses arising from a single incident, the trial court further failed to set forth the required findings according to R.C. 2929.19(B)(2)(e).
R.C. 2929.19 provides,
 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 (e) If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term.
This court has previously held that "[f]ailure to sufficiently state these reasons on the record constitutes reversible error." State v. Gary (2001), 141 Ohio App.3d 194, 196, 750 N.E.2d 640. Based on the failure to comply with R.C. 2929.14 and R.C. 2929.19, the trial court's sentencing of defendant is contrary to law. The state concedes to defendant's arguments and therefore Defendant's assignments of error are sustained.
Judgment is vacated and remanded for re-sentencing. The court is instructed to state on the record the required findings.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND DIANE KARPINSKI, J., CONCUR
[1] R.C. 2905.03.
[2] R.C. 2907.02.
[3] R.C. 2905.01.
[4] R.C. 2907.02.
[5] R.C. 2911.11.