JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Dwayne Fair appeals from the judgment of conviction entered against him following a jury trial. Appellant urges that his attorney did not provide him with effective assistance (Assignments of Error Nos. I to III) and that the court denied him a fair trial by finding that counsel was competent and effective (Assignment of Error Nos. IV and V). He also argues that the court improperly allowed police testimony concerning a drug transaction which did not involve him (Assignment of Error No. VI). Finally, he complains that the court erroneously imposed a prison term without notifying him that he was subject to "bad time" and did not clearly state its reasons for imposing consecutive prison terms (Assignments of Error VII and VIII).
 {¶ 2} We find no error in the trial proceedings and affirm the judgment of conviction entered against appellant. However, we find the court did not give reasons to support its imposition of consecutive terms of imprisonment. Therefore, we reverse the sentences imposed on appellant and remand for resentencing.
 Factual and Procedural History {¶ 3} Appellant was charged in a three count indictment filed May 4, 2001. Count one charged him with trafficking in cocaine in violation of R.C. 2925.03; counts two and three charged that he possessed cocaine in violation of R.C. 2925.11. The case proceeded to a jury trial on October 9, 2001. The jury found appellant guilty on all charges. The court sentenced him to consecutive terms of two years' imprisonment on count one, eight years' imprisonment on count two, and twelve months' imprisonment on count three, plus a $7500 fine and court costs.
 {¶ 4} At trial, North Royalton police detective Jay Drake testified that he arranged to purchase $200 worth of cocaine and $200 worth of heroin from Abdul Shafeek-Bey through a confidential informant, James Bowen. The transaction took place on December 2, 2000 at a restaurant managed by Bowen. Bowen immediately turned the suspected narcotics over to Detective Drake. The substances tested positive for cocaine and heroin.
 {¶ 5} Another arrangement was made for Bowen to purchase one ounce of powder cocaine from Bey on December 22, 2000. This time, the transaction was to take place at Bowen's home. Detective Drake was present. Bey also brought another person with him, whom Detective Drake later identified as Stanley Gross. Special Agent Frank Strimpel of the Bureau of Criminal Investigations was in the basement of Bowen's home to record the transaction and for backup. Bey supplied them with 14.41 grams of cocaine, roughly half the amount he was supposed to have brought, for $1200; in addition, Drake bought $20 worth of heroin from Bey.
 {¶ 6} Another transaction took place on January 3, 2001. Bowen arranged for the purchase of four ounces of cocaine from Bey for $3700. Bey and another person whom Detective Drake identified as the appellant arrived at Bowen's home at approximately 4:55 p.m. Bowen told Detective Drake the cocaine was on the kitchen counter; Detective Drake took it and went into the living room with Bey and Bowen while appellant went into a bathroom. Bey weighed the cocaine on an electronic scale supplied by Detective Drake, which he had placed on a coffee table. Drake put the money on the coffee table as well. Bey did not touch the money, but instructed appellant to pick it up. Appellant took the money, counted it and put it in his right jacket pocket. Then Bey and appellant left.
 {¶ 7} The transaction was recorded on a videotape. The tape was of poor quality, but Detective Drake was able to identify the persons appearing on it and to describe what was happening.
 {¶ 8} Approximately twenty minutes after appellant and Bey left, appellant contacted Bowen to ask him for a job and gave Bowen his cellular telephone number. Detective Drake called that number and obtained a VoiceMail message saying that the caller had reached "Dwight." He later learned that appellant was the subscriber to that telephone number. Detective Drake also retrieved appellant's driver's license photo and confirmed that he was the person Drake had met with. Telephone company records confirmed that a call was made to Bowen's home from appellant's cellular telephone number at 5:28 p.m. on January 3, 2001.
 {¶ 9} Detective Drake and Bowen conducted another transaction with Bey at Bey's home on January 17, 2001, purchasing four ounces of cocaine for $3500. Counsel for appellant objected to the testimony about this transaction because it did not involve appellant, but the court overruled the objection. Police later executed search warrants at Bey's residence and at appellant's residence. During the search of appellant's residence, officers seized a box of Chore Boy scouring pads, a white desk mirror with powder residue on it, a burned spoon and a pack of matches. Officer David Loeding, who maintained the inventory from the search, testified that the scouring pads are often used as a heating element for crack cocaine when the drug is consumed, and a spoon is often used to heat the drug. Kenneth Ross, a forensic scientist for the Bureau of Criminal Investigation, testified and supplied laboratory reports he prepared indicating that the substances found on the spoon and the mirror, and the powder Bowen and Drake purchased on January 3, 2001 all contained cocaine.
 Law and Analysis Ineffective Assistance of Counsel {¶ 10} Appellant's first three assignments of error all contend that he was denied his right to the effective assistance of counsel because of various actions and omissions by his attorney at trial. A two-step process is employed in evaluating an allegation of ineffective assistance of counsel. First, the court must determine whether counsel's representation of appellant fell below an objective standard of reasonable representation. Second, the court must decide whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v.Washington (1984), 466 U.S. 668; State v. Bradley (1989),42 Ohio St.3d 136, 142.
 {¶ 11} "[T]here is no reason for a court deciding an ineffective assistance claim to * * * address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance." Strickland, 466 U.S. at 697.
 {¶ 12} We review appellant's claims with these standards in mind.
 Pretrial Motions. {¶ 13} Appellant first contends that his attorney employed tactics which no competent attorney would adopt. Appellant claims the attorney incompetently drafted and submitted pretrial motions and could not locate his witness list on the morning of trial. With respect to counsel's difficulty in locating his witness list, we note that attorneys are expected to be competent, not perfect; the temporary loss of a witness list does not remove counsel's conduct from the wide range of professionally competent assistance. Appellant has not demonstrated any prejudice from this lapse.
 {¶ 14} Defense counsel filed three substantive written pretrial motions. His motions for discovery and for a bill of particulars were answered by the state; appellant does not specifically complain about these. Counsel also filed a motion objecting to the state's notice of intent to introduce "other acts" evidence. Appellant complains that this motion was vague, but it could not have been more specific because the state's notice did not identify the evidence it intended to introduce. Therefore, this motion did not fall outside the wide range of professionally competent assistance. More important, appellant has not shown that he was prejudiced by it.
 {¶ 15} Counsel also made an oral motion for a writ of habeas corpus ad testificandum to bring Abdul Shafeek-Bey from federal prison to testify for the defense. The motion was granted and Bey testified at trial that appellant was not the person with him during the drug transaction on January 3, 2001. Appellant has not shown that this motion was the result of counsel's incompetence, or that it was prejudicial to him.
 Cross-Examination. {¶ 16} Next, appellant complains about counsel's questioning of witnesses on cross examination. He argues that his attorney asked Detective Drake irrelevant questions concerning pretrial communications between them. Appellant was not prejudiced by these inquiries; the fact that the attorney requested Drake's personnel file and asked Drake to submit the videotape to a professional company for enhancement could not have harmed appellant.
 {¶ 17} Appellant also argues his attorney asked Drake questions which could have made counsel a witness in the case. The court sustained the state's objection to this question, so, again, appellant cannot show that he was prejudiced. Appellant finally complains that his attorney asked BATF special agent Abigail Dickson why she believed appellant was guilty. However, the court did not allow the witness to answer that question, so appellant was not prejudiced.
 Videotape. {¶ 18} Appellant contends that the attorney's representation of him was patently incompetent because the attorney did not object to the videotape of the January 3, 2001 transaction. He claims the probative value of the tape is clearly outweighed by its prejudicial effect. We disagree. While the participants are not identifiable from the tape alone, that fact does not rob the tape of probative value. Detective Drake was present during the transaction and explained who the figures on the tape were. The tape depicted the facts described in his testimony. Detective Drake had already testified that appellant was the person who took the money in that transaction, so the tape was cumulative and not prejudicial.
 Search of Appellant's Home {¶ 19} Appellant claims his attorney provided ineffective assistance because he did not move to suppress the evidence seized pursuant to the search of his home, but only untimely objected when the state moved to introduce those items as evidence. Appellant's home was searched pursuant to a warrant, which creates a presumption that there was probable cause to support it. Appellant does not claim that probable cause was lacking, or that the warrant was not properly issued. At trial, his attorney argued that there was no evidence the warrant was properly served. This argument alone does not demonstrate that the attorney had grounds for seeking to suppress the fruits of the search. The fact that the state did not provide evidence of service does not mean that such evidence does not exist. Therefore, appellant has not shown counsel's failure to file a motion to suppress was objectively unreasonable.
 {¶ 20} Accordingly, we overrule the first, second and third assignments of error.
 {¶ 21} The fourth and fifth assignments of error raise two related issues. Appellant claims the trial court deprived him of his right to effective assistance of counsel and violated his right to a fair trial by finding that his attorney provided competent and reasonably effective assistance. Appellant has not demonstrated that his attorney provided ineffective assistance or that any unprofessional errors were prejudicial; therefore, the trial court's finding either was not erroneous or was not prejudicial. In any case, the court's finding was superfluous. The fact that appellant has a right to effective assistance of counsel does not mean the trial court has a duty to ensure that counsel is effective. It is our obligation on appeal to ascertain whether a defendant received effective assistance of counsel at trial. Therefore, the fourth and fifth assignments of error are overruled.
 Irrelevant Evidence {¶ 22} Appellant next claims that the court erred by allowing Detective Drake to testify about a controlled narcotics purchase Bowen made from Bey on January 17, 2001. We agree that the testimony was not relevant to the appellant's guilt or innocence of the crimes charged in this case, and should not have been admitted at trial. However, appellant was not prejudiced by the admission of this irrelevant evidence. Particularly in light of the unchallenged testimony that Bowen had previously purchased narcotics from Bey in two transactions not involving appellant, the fact that Bey again sold narcotics to Bowen in another transaction which did not involve this defendant was not prejudicial. Therefore, we overrule the sixth assignment of error.
 Sentencing {¶ 23} Appellant's final two assignments of error challenge the sentence imposed on him. First, appellant argues that the court erred by failing to notify him that the parole board may extend his prison term if he commits a criminal offense while in prison. The Ohio Supreme Court has found that R.C. 2967.11, the statute which allows the parole board to extend a prisoner's term of imprisonment, violates the doctrine of separation of powers and is therefore unconstitutional. State ex rel.Bray v. Russell (2000), 89 Ohio St.3d 132. Furthermore, the legislature has amended R.C. 2929.19 to delete the requirement that the defendant be notified that the parole board may extend his term of imprisonment. Therefore, the seventh assignment of error lacks merit and is overruled.
 {¶ 24} Finally, appellant argues that the court did not make the requisite findings to impose consecutive sentences. R.C. 2929.14(E)(4) provides that the court may require an offender to serve multiple prison terms consecutively if the court finds that (1) the consecutive terms are necessary to protect the public from future crime or to punish the offender, and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, and (3) either that (a) the offense was committed while the offender was awaiting trial or sentencing or was under post release control, (b) the harm was so great or unusual that no single prison term would adequately reflect the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.19(B)(2)(c) requires the court to give its reasons for imposing consecutive sentences.
 {¶ 25} In this case, the court found:
 {¶ 26} "Now, regarding the consecutive sentences, I find that running this time consecutive is necessary to protect the public from future crime. * * * it's necessary to punish you for the seriousness of your offense. I do not find an 11-year sentence for trafficking in an operation this large to be disproportionate for the seriousness of your conduct.
 {¶ 27} "I further find that the harm was so great or unusual that a single term would not and does not adequately reflect the seriousness of the conduct."
 {¶ 28} The court here made the findings necessary to impose consecutive sentences, but it did not give any reasons for making these findings. "Such conclusory statements do not satisfy the statute's requirements and cannot support the imposition of consecutive sentences."State v. Gary (2001), 141 Ohio App.3d 194, 197. Therefore, we must reverse the sentences imposed on appellant and remand for resentencing.
Judgment of conviction affirmed. Sentence reversed. Remanded for resentencing.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. CONCURS, ANN DYKE, J. DISSENTS.