OPINION
{¶ 1} Appellant, Robert L. Turner, appeals from the judgment entered by the Ashtabula County Court of Common Pleas. Appellant was sentenced to eleven months imprisonment on a charge of one count of possession of crack cocaine.
 {¶ 2} Police responded to a call regarding a domestic disturbance at the Ashtabula Metropolitan Housing Authority in June 2000. Upon gaining entry, the police found appellant pinning his ex-girlfriend to the ground and assaulting her. After apprehending appellant, police discovered over one gram of crack cocaine on his person, which he admitted to purchasing that day.
 {¶ 3} Appellant was charged with one count of possession of crack cocaine. After an initial plea of "not guilty" on December 6, 2000, he subsequently pled "guilty" to the charge. On March 1, 2001, the trial court sentenced him to a term of eleven months imprisonment which was to be served consecutively with judgments already imposed from two prior cases.[1]
 {¶ 4} In the first case, appellant pled guilty to one count of assault on October 16, 1996, for which he was sentenced to six months imprisonment. He also pled guilty to one count of aggravated burglary for which he was sentenced to four years. Both sentences were to run concurrently.
 {¶ 5} In the second case, he pled guilty to two counts of trafficking in crack cocaine on June 20, 2000, and was sentenced to one year and three years imprisonment for each count, respectively. Those sentences were also to be served concurrently.
 {¶ 6} Appellant now brings this present appeal alleging the trial court erred in imposing sentence.
 {¶ 7} Appellant sets forth two assignments of error. His first assignment of error is:
 {¶ 8} "The trial court erred by ordering consecutive sentences without furnishing adequate reasons for all of the findings as required by R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c)".
 {¶ 9} Appellant's second assignment of error is:
 {¶ 10} "In the alternative, the record does not support a finding that consecutive sentences are justified."
 {¶ 11} As both of appellant's assignments of error relate to whether the trial court properly imposed consecutive sentences, we will address them together.
 {¶ 12} Appellant contends that the trial court failed to provide adequate reasons for ordering his sentence to be served consecutively and the sentences are not justified, thus, this sentence should run concurrent with prior sentences.
 {¶ 13} When reviewing appeals of felony sentencing, this court has held that, "this court will not disturb appellant's sentence unless we find, by clear and convincing evidence, that the record does not support the sentence or that the sentence is otherwise contrary to law."[2]
 {¶ 14} In his brief, appellant relies on R.C. 2929.14(E)(4), which reads:
 {¶ 15} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 16} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under the sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 17} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 18} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 19} R.C. 2929.19(B)(2) relates to imposing consecutive sentences and reads:
 {¶ 20} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 21} "* * *
 {¶ 22} "(c) If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 23} Therefore, pursuant to R.C. 2929.14(E), the trial court may impose consecutive terms of imprisonment if it makes three findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the additional factors listed in R.C. 2929.14(E)(4)(a) through (c), quoted supra, applies.[3]
 {¶ 24} R.C. 2929.19(B)(2) then places the additional duty upon the trial court to make a finding on the record that gives its reasons for imposing the consecutive sentence.[4]
 {¶ 25} Appellant argues that the trial court never stated any reasons as to why the consecutive sentence should be implemented. CitingState v. Gary, appellant contends that, in making its findings, the trial court erred in merely making conclusory statements that mimicked the language of the statute without stating specific reasons for it's decision to impose consecutive sentences.[5] Appellant also citesGary in support of the notion that when the trial court makes only a brief mention of appellant's criminal history, it, by itself, is not sufficient to warrant the imposition of consecutive sentences.[6]
 {¶ 26} In the case sub judice, at the sentencing hearing, the trial court went through appellant's entire criminal record from juvenile offenses to his adult criminal history. Thus, appellant's contention that only a "brief" mention was made of his criminal history is not well taken. After thoroughly examining appellant's criminal history, the court then stated in detail the sentences imposed for each offense, including all community control sanctions and the judicial release previously granted by the court.
 {¶ 27} After stating that consecutive sentences would be imposed, the court then went through the statutory language from R.C. 2929.14(E)(4) stating:
 {¶ 28} "But the Court finds under Section 2929.14(E)(4) that consecutive sentences are necessary to protect the public from future criminal activity and to punish the offender. The consecutive sentence that the Court is going to impose is not disproportionate to the seriousness of the offender's conduct or to the danger the offender poses to the public.
 {¶ 29} "And the Court finds that the defendant was under a post-release control sanction at the time this offense occurred.
 {¶ 30} "Also, I find that the criminal history of this defendant demonstrates that consecutive sentences are necessary in order to protect the public from future criminal activity. Mr. Turner's criminal activity has been continuous for a period of over ten years."
 {¶ 31} We find that the record demonstrates that the trial court complied with the dictates of both R.C. 2929.14(E)(4) and R.C.2929.19(B)(2)(c). The court adequately stated on the record why it was imposing a consecutive sentence. The court found that because of appellant's extensive criminal activity, his likelihood to commit future crimes, and his current offense was committed while he was under post-release control, consecutive sentences were necessary. Thus, the trial court made the necessary findings in order to impose consecutive sentences.
 {¶ 32} Appellant's first and second assignments of error are without merit.
 {¶ 33} The judgment of the trial court is affirmed.
ROBERT A. NADER, J., DIANE V. GRENDELL, J., concur.
[1] 96-CR-118, 00-CR-017.
[2] State v. Norwood (June 8, 2001), 11th Dist. No. 2000-L-072, 2001 Ohio App. LEXIS 2573 at *6.
[3] State v. Hooks (Sept. 11, 2000), 12th Dist. No. CA2000-01-003, 2000 Ohio App. LEXIS 4107 at *12.
[4] State v. Hall (Sept. 6, 2001), 8th Dist. Nos. 78825, 78826, 2001 Ohio App. LEXIS 3963, at *4.
[5] State v. Gary (2001), 141 Ohio App.3d 194.
[6] Id.