JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Steven House, appeals the decision of the Cuyahoga County Common Pleas Court sentencing him to multiple consecutive five-year sentences for felonious assault upon remand from this court. For the reasons that follow, we affirm but again remand with instructions to the trial court to enter an order consistent with the sentence imposed in open court.
 {¶ 2} The record reveals that a appellant was found guilty of four counts of felonious assault, each with peace officer specifications, following a jury trial in July 2000. He was likewise found guilty of failure to comply with an order or signal of a police officer as well as driving under the influence of alcohol. The events giving rise to these convictions occurred on October 16, 1998 wherein appellant was involved in a multi-police car chase. The trial court sentenced him to consecutive six-year terms of imprisonment on three of the four felonious assault charges to run concurrent with a six-year term on the remaining felonious assault charge, an 18-month term on the failure-to-comply charge and a six-month term on the driving-under-the-influence charge.
 {¶ 3} On appeal to this court, we upheld appellant's convictions for these offenses but vacated the sentence imposed and remanded for resentencing due to the trial court's failure to comply with R.C.2929.14(B) and (E)(4). See State v. House (Oct. 18, 2001), Cuyahoga App. No. 78239 at 25, 2001 Ohio App. Lexis 4650 ("House I"). At the resentencing hearing that followed on January 31, 2002, the trial transcript[1] supports that the trial court sentenced appellant to consecutive five-year terms of imprisonment on the three of the four felonious assault charges to run concurrent with a five-year term on the remaining felonious assault charge, 18 months on the failure-to-comply charge and six months on the driving-under-the-influence charge.
 {¶ 4} Appellant is now before this court and assigns two errors for our review, each challenging the trial court's decision to impose consecutive sentences.[2] As these assigned errors are related, they will be discussed together
 {¶ 5} R.C. 2929.14 governs the imposition of prison terms for felony convictions and, as applicable to this case, provides for prison terms of three to ten years for first degree felonies. R.C. 2929.14(A)(1). A court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4).
 {¶ 6} Imposing consecutive prison terms for multiple convictions, therefore, is appropriate upon making certain findings as enumerated in this statute. When the trial court does so, however, it must state its reasons on the record. See R.C. 2929.19(B)(2)(c). Failure to sufficiently state these reasons on the record constitutes reversible error. See Statev. Albert (1997), 124 Ohio App.3d 225; see, also, State v. Gary (2001),141 Ohio App.3d 194.
 {¶ 7} At the resentencing hearing, the trial court heard argument from appellant's counsel as well as statements by appellant and his mother. In explaining its reasons for imposing consecutive sentences inHouse I, the trial court stated:
 {¶ 8} "The reason consecutive sentences were imposed was to protect the public from future crimes. By [appellant's] own remarks, coming out of his mouth today, this was a very, very disturbed alcoholic/drug infected person and I think that that is a tremendous danger.
 {¶ 9} "What happened here in this case, I can incorporate by reference the facts and the testimony that was brought out at the trial. The sentence was imposed to protect the public from future crimes.
 {¶ 10} "It was also to punish the offender and the Court did not believe, in its opinion, that the consecutive sentences were disproportionate to the seriousness of his conduct. To argue that there was not a danger here or just because these officers were not more severely injured or, God forbid, killed is ludicrous.
 {¶ 11} "It posed a tremendous danger to the public and it posed a tremendous danger to the community. I mean, if we have any more of these chases like this, as [the assistant prosecutor] said, I'm not sure who would even want to be a police officer.
 {¶ 12} "If you run what happened in this case on a video by the police academy, I mean, it become really difficult to convince these young man (sic) and women that they should seek what I consider high public service, serving our communities."
 {¶ 13} Appellant argues that the trial court merely included the statute's "buzzwords" without engaging in the analysis required by statute and well-established case law. Further, he argues that the court's incorporation by reference of "the facts and the testimony that was brought out at trial," without referring to which facts supported its conclusions, was error.
 {¶ 14} In State v. Stiemle, Cuyahoga App. Nos. 79154 79155, 2002-Ohio-2238, this court previously considered a trial court's sentencing decision that incorporated by reference the proceedings that occurred at an earlier sentencing hearing.
 {¶ 15} "This record does not show that the [trial court] conducted a new sentencing hearing in compliance with R.C. 2929.19(A)(1), or that [the court] approached the resentencing as an independent proceeding in compliance with R.C. 2929.19(B)(1). While the facts surrounding the conviction do not change, the purpose of resentencing is to allow the [trial court] to consider all relevant factors and make all applicable findings with accompanying reasons in the same proceeding, thus aiding both clarity and consistency. This is not accomplished by the blanket incorporation of a previous sentencing transcript without discussing its contents, a practice which only serves to cloud the question of whether the [trial court] is fulfilling [its] duty to `consider the record' in a new proceeding. At a sentencing following remand it is mandatory that the relevant findings and supporting reasons are addressed and considered both in relation to one another and in their totality. Without limiting the statutory requirements or mandating particular proceedings, we find that relevant portions of the previous sentencing may be read into the record or summarized on resentencing, as was done here, but a [trial court] should be careful to ensure that prior determinations are not simply adopted without showing that they have been considered anew." (Citation omitted.) Id. at ¶ 17.
 {¶ 16} While we do not condone a trial court's use of incorporation by reference, we do find in this case that portions of the previous sentencing hearing were summarized despite the court's incorporation by reference. For example, the trial court discussed appellant's history of alcoholism and drug use to support its finding that it needed to protect the public from future crime by appellant as well as to punish him. The trial court further found that consecutive sentences were not disproportionate to the seriousness of appellant's conduct because several police officers were involved and that there existed the potential for serious injury.
 {¶ 17} Technically speaking, however, it appears that the trial court failed to find applicable at least one of the factors set forth in R.C. 2929.14(E)(4)(a) through (c). In particular, there was no specific finding that (1) appellant committed the offenses for which he was convicted while he was awaiting trial appellant or under post-release control for a prior offense; (2) appellant's conduct was part of a course of conduct and that the harm caused by two or more of the multiple offenses caused harm so great or unusual that no single prison term would adequately reflect the seriousness of appellant's conduct; or (3) appellant possessed a criminal history that supported the need to protect the public from future crime by appellant. On the other hand, we can glean from both the tenor of the trial court's statements made during sentencing and its discussion of the seriousness of appellant's conduct resulting in the harm caused by appellant's multiple offenses that R.C.2929.14(E)(4)(b) is satisfied thereby justifying the imposition of consecutive sentences.
 {¶ 18} Nonetheless, we find that the journal entry reflecting the sentence imposed differs from that of the trial transcript. In particular, the journal entry states that appellant is sentenced to five years on each of the four felonious assault convictions and that they are to run consecutive to each other. The trial transcript, on the other hand, only runs three of the four felonious assault convictions consecutive to each other while the remaining felonious assault conviction is to run concurrent. For this reason, while we affirm the trial court as to its imposition of sentence as reflected in the trial transcript, we remand with instructions for the trial court to enter a sentencing order consistent with the sentence imposed in open court.
While appellant's sentence is affirmed, this cause is remanded for proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant and appellee equally share costs herein.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence and for proceedings consistent with the opinion herein.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J., CONCURS.
 TERRENCE O'DONNELL, J., CONCURS WITH SEPARATE OPINION
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] We note that the journal entry journalizing this sentence does not accurately reflect the trial court pronouncement of sentence. In particular, the journal entry states that consecutive five-year terms of imprisonment are to be imposed for all four counts of felonious assault, rather than for three as stated in open court.
[2] In House I, we also found that the trial court did not comply with R.C. 2929.14(B), which is directed at the analysis required by the trial court when it decides to impose more than the minimum prison term. Appellant, however, does not assign any error associated with the trial court's resentencing decision as it pertains to imposing more than the minimum sentence.