JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Dustin Johnson appeals the judgment of the trial court which imposed consecutive prison sentences totaling seven and one-half years. For the following reasons, we vacate the sentence and remand for resentencing.
 {¶ 2} On January 16, 2002, the defendant pled guilty to one count of breaking and entering in Case No. 412124, two counts of burglary in Case Nos. 415033 and 415386, and one count of robbery in Case No. 415386. The trial court sentenced Johnson, age eighteen, to four consecutive prison terms totaling seven and one-half years. Johnson raises one assignment of error on appeal. He argues that the trial court erred by imposing consecutive sentences without making all of the findings and furnishing adequate reasons as required by R.C. 2929.14(E)(4).
 {¶ 3} R.C. 2929.14(E)(4), which governs the imposition of consecutive sentences, provides that a court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime.
 {¶ 4} Further, R.C. 2929.19(B)(2)(c) requires that the court give its reasons if it imposes consecutive sentences.
 {¶ 5} Thus, R.C. 2929.14(E)(4) requires the trial court to make at least three findings prior to sentencing an offender to consecutive sentences and, pursuant to R.C. 2929.19(B)(2)(c), the trial court must give the reasons for its findings. Failure to sufficiently state these reasons on the record constitutes reversible error. State v. Gary
(2001), 141 Ohio App.3d 194, 196-198; State v. Beck, Cuyahoga App. No. 75193, 2000-Ohio-1349.
 {¶ 6} In sentencing Johnson to consecutive sentences, the court stated:
 {¶ 7} "The Court has considered all relevant factors, as mandated in Section 2929.12, 13 and 14 of the Ohio Revised Code, and the other relevant sections, and the fact of the matter is that you haven't overcome the presumption of incarceration, and in Case Number 415386, you are going to go to the Lorain Correctional Facility, on Count One, for a term of three years; and on Count Three, for a term of one year. Those terms to run consecutive to one another.
 {¶ 8} "In Case Number 415033, you are going to do three years consecutive; and in 412124, a six-month term, consecutive.
 {¶ 9} "* * *
 {¶ 10} "The Court determines that consecutive sentences are necessary to protect the public from future crimes and/or punish you, and that consecutive sentences in these cases are not disproportionate to the seriousness of your conduct and to the danger you pose to the public.
 {¶ 11} "You committed these multiple offenses while you were under indictment, and you have prior, delinquent behavior in the Juvenile Court of Cuyahoga County.
 {¶ 12} "* * *
 {¶ 13} "The multiple offenses caused harm so great that no single prison term for any offense committed adequately reflects the seriousness of your conduct."
 {¶ 14} It is clear that the trial court merely made conclusory statements that mimicked the language of the statute without analyzing whether Johnson's conduct justified those conclusions. Such conclusory statements do not satisfy the statute's requirements and cannot support the imposition of consecutive sentences. Gary, 141 Ohio App.3d at 197;State v. Patterson (June 20, 2002), Cuyahoga App. No. 80409.
 {¶ 15} The court offered no reasons for its finding that consecutive sentences are necessary to protect the public from future crimes and/or to punish Johnson or for its finding that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger he poses to the public. From the court's statements, it is impossible to determine why consecutive sentences are necessary to protect the public. Although the court noted that Johnson committed these offenses while he was under indictment and that he had a prior record of juvenile delinquency, these two factors alone are insufficient to satisfy the statute's required findings.
 {¶ 16} Moreover, while the court concluded that "the multiple offenses caused harm so great that no single prison term for any offense committed adequately reflects the seriousness" of Johnson's conduct, the court offered no reasons, or even a description of the harm. Thus, the court provided no reasons for its findings and failed to comply with R.C. 2929.19(B)(2)(c).
 {¶ 17} Accordingly, the sole assignment of error is sustained, and Johnson's sentence is vacated and the case remanded for resentencing in accordance with this opinion.
PATRICIA ANN BLACKMON, P.J. CONCURS; ANN DYKE, J. CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.