OPINION
{¶ 1} Defendant, Robert Lee Rothgeb, appeals from a sentence of twelve months incarceration that the trial court imposed on a finding that Rothgeb violated community control sanctions the court had previously ordered. The violation arose from a subsequent conviction in Clark County, for which Rothgeb was sentenced to serve a nine year term. When it imposed its twelve month sentence in the present case, the court ordered it served consecutive to the Clark County sentence, for a total term of the ten years incarceration.
 {¶ 2} Rothgeb filed a notice of appeal from his sentence. He presents a single assignment of error, which states:
 {¶ 3} "The trial court erred in ordering appellant's sentence to run consecutive to the sentence imposed by the Clark County Court of Common Pleas."
 {¶ 4} Rothgeb's assignment of error has two branches. In the first, he argues that the trial court erred when it imposed a consecutive sentence pursuant to R.C. 2929.14(E)(4), after having made the findings which that section requires the court to make, absent a statement of the court's reasons for making those findings that also is required by R.C.2929.19(B)(2)(c). In his second branch, Rothgeb asks us to modify his sentence pursuant to R.C. 2953.08(G)(1) by ordering that it be served concurrent with the sentence imposed for the Clark County conviction.
 {¶ 5} The State argues that Rothgeb's second branch is not properly before us because Rothgeb failed to seek prior leave to appeal pursuant to R.C. 2953.08(C) in the manner which App.R. 5(C) prescribes. We agree. Therefore, our consideration of Rothgeb's assignment of error is limited to its first branch, which involves error for which leave to appeal is not similarly required.
 {¶ 6} In State v. Gary (2001), 141 Ohio App.3d 194, the Court of Appeals of Cuyahoga County stated:
 {¶ 7} "R.C. 2929.14 governs the imposition of prison terms for felony convictions and, as applicable to this case, provides for prison terms of one to five years for third-degree felonies. R.C. 2929.14(A)(3). A court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4).
 {¶ 8} "Imposing consecutive prison terms for convictions of multiple offenses, therefore, is appropriate upon making certain findings as enumerated in this statute. When the trial court does so, however, it must state its reasons on the record. See R.C. 2929.19(B)(2)(c). Failure to sufficiently state these reasons on the record constitutes reversible error. See State v. Albert (1997), 124 Ohio App.3d 225, 705 N.E.2d 1274; see, also, State v. Jones (July 6, 2000), Cuyahoga App. No. 76222, unreported, 2000 WL 897321." Gary, at 196.
 {¶ 9} In Gary, the trial court stated only the findings that R.C.2929.14(E)(4) requires for consecutive sentences. It failed to give any reasons for its findings which R.C. 2929.19(B)(2(c) requires. Here, the trial court's sentencing entry contains the following statement:
 {¶ 10} "Consecutive prison terms are imposed for the following reasons:
 {¶ 11} "1. The crime was committed while Defendant was under sanction.
 {¶ 12} "2. The harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct.
 {¶ 13} "3. The Defendant's criminal history shows that consecutive terms are needed to protect the public.
 {¶ 14} "The factors that determine more serious conduct of the Defendant are:
 {¶ 15} "1. The victim of the new crime suffered serious physical and economic harm.
 {¶ 16} "2. Defendant's occupation was used to facilitate the new offense.
 {¶ 17} "3. Defendant's relationship with the victim facilitated the offense.
 {¶ 18} "4. Defendant has a history of criminal convictions.
 {¶ 19} "5. Defendant has not responded favorably to sanctions previously imposed.
 {¶ 20} "6. Defendant shows no genuine remorse."
 {¶ 21} The court's twelve-month sentence was also the longest it could impose. The court therefore made further findings concerning the likelihood of recidivism. The State points out that the trial court's findings and conclusions in support of the longest sentence and the consecutive sentence it imposed are identical to those the court recited in another case, wherein we found that they satisfied the "reasons" requirement of R.C. 2929.19(B)(2)(c). State v. Wright (Dec. 14, 2001), Champaign App. No. 2001-CA-3, 2001-Ohio-6981.
 {¶ 22} The State's contentions concerning our decision in Wright
re correct. Curiously, even though two different defendants were involved, as well as different offenses, the trial court appears to have relied on the same "reasons" in both cases. This suggests the application of a template instead of the particularized justifications that R.C.2929.19(B)(2)(c) contemplates.
 {¶ 23} Discussing a similar reasons requirement when maximum sentences are imposed, we stated in State v. Shepherd (Dec. 6, 2002), Montgomery App. No. 19284, 2002-Ohio-6790:
 {¶ 24} "The findings and reasons requirement has a dual purpose. One purpose is to induce a more systematic gradation of penalties within an available range that are imposed by relating the sentence to the particular conduct and offender involved. The other is to facilitate the limited appellate review of certain sentences that R.C. 2953.08 now affords. Both are addressed to achieving a more uniform and consistent pattern of sentencing across the State of Ohio by reducing the prospect of unduly harsh and lengthy prison sentences. Achieving that goal benefits not only the defendant who is incarcerated but also the taxpayers of the state who must bear the financial burden of a prolonged incarceration."Id., at p. 9.
 {¶ 25} To achieve the foregoing goals with respect to consecutive sentences which are ordered, R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c), read together, impose a process of substantiation. The court is permitted by R.C. 2929.14(E)(4) to order consecutive sentences only after certain findings are made. By requiring the court to then state the reasons for those findings, R.C. 2929.19(B)(2)(c) obliges the court to not only have reasons but also to state what those reasons are. Further, in stating its reasons the court must connect those reasons to the finding which the reason supports. The court cannot merely pronounce causes thatobjectively may be its reasons. The court must also identify which ofthose causes are the particular reasons for each of the statutoryfindings the court made.
 {¶ 26} In Wright, we examined the "seriousness" factors that the court cited, as well as information from a presentence investigation report, and we concluded that the trial court had satisfied its obligations to state its reasons for the findings on which it imposed consecutive sentences. That exercise might determine that the court had reasons, but it does not identify what the court's reasons were in relation to the finding to which the reason pertains. We believe that R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c), read together impose a more definite standard than that, a standard that is not satisfied by our gleaning what the court's reasons may have been from what it said in general.
 {¶ 27} The preferred method of compliance with these requirements is to set out each finding that R.C. 2929.14(E)(4) requires the court to make, and in relation to each the particular reason or reasons for making the finding that R.C. 2929.19(B)(2)(c) contemplates. An unrelated "laundry list" of reasons that doesn't correspond to the statutory findings the court makes presents a difficult puzzle to solve, and requires an appellate court to try to surmise what the trial court's reasons were. Those reasons may have been ample, and on the record correct. The court must nevertheless identify as to each finding that its reason or reasons in fact were if the General Assembly's policy purposes that we discussed in Shepherd are to be met.
 {¶ 28} We find that the trial court failed to state the reasons that R.C. 2929.19(B)(2)(c) requires it to state in relation to the R.C.2929.14(E)(4) findings the court made. That failure is reversible error.Gary. Therefore, the assignment of error is sustained.
 {¶ 29} Having sustained the assignment of error presented, we will reverse and vacate Defendant-Appellant's sentence and remand for resentencing.
BROGAN, J. and WOLFF, J., concur.