JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Carlos D. Glass, appeals the decision of the Cuyahoga County Common Pleas court that convicted and sentenced him for possession of drugs, in violation of R.C. 2925.11, and preparation of drugs for sale, in violation of R.C. 2925.07, following a jury trial for these offenses. For the reasons that follow, we affirm appellant's convictions but vacate the sentence imposed and remand for resentencing.
 {¶ 2} The record reveals that, on September 26, 2000, Cleveland Police Detectives Robert Pirinelli and Daniel Connors set up surveillance near a house located on East 114th Street, after receiving numerous complaints of suspected drug activity occurring there. On the date in question, the officers were sitting in an unmarked car approximately five houses south of and across the street from the house under surveillance. Both detectives testified that they observed several individuals other than appellant enter the house and exit a short time later. They then observed appellant's vehicle park on the wrong side of the street directly in front of the house under surveillance. Appellant entered the house while a passenger, later identified as Rikole Clark,[1] remained in appellant's car.
 {¶ 3} As appellant was exiting the home a short time later, the detectives drove past appellant and Detective Pirinelli, who was closest to appellant because he was driving the car, observed a large white object in appellant's cupped hand. Both detectives testified that appellant appeared startled and Detective Pirinelli testified that appellant attempted to shield the object in his hand against the leg of his pants. Appellant quickly entered his vehicle and drove southbound. The detectives turned around and followed. Assisted by uniformed officers in marked cars who later joined them, the detectives stopped appellant's vehicle shortly thereafter.
 {¶ 4} Detective Pirinelli patted down appellant, found nothing and placed him in the rear of the zone car and read him his rights. Detective Connors meanwhile had Ms. Clark exit the vehicle, whereupon a cell phone fell out of her pant leg. While initially denying that she had anything else, Ms. Clark eventually handed Detective Pirinelli a large plastic bag with two large chunks of a substance later identified as crack cocaine. Ms. Clark testified that appellant had given her the plastic bag and cell phone while in the car and told her to hide them in her pants. Appellant thereafter stated to the detectives that the "dope" was his and that Ms. Clark "had nothing to do with it."
 {¶ 5} Appellant was eventually charged with possession of drugs and preparation of drugs for sale. It appears from the record that, on August 22, 2001, appellant filed a motion seeking to suppress the drugs obtained as a result of his arrest. An entry journalized on October 19, 2001, indicates that a hearing was apparently held on the motion and denied. The record does not contain any transcript of this hearing, however. The case eventually proceeded to trial and appellant was found guilty of both offenses as charged. He was ultimately sentenced to concurrent sentences of seven years and 17 months on the possession-of-drugs and preparation-of-drugs-for-sale charges, respectively. This sentence, however, was to run consecutive to a concurrent term of 17 months and 11 months on apparently unrelated charges contained in case number 404404.
 {¶ 6} Appellant is now before this court and assigns three errors for our review.
 I. {¶ 7} In his first assignment of error, appellant contends that he was denied the effective assistance of counsel when his trial counsel failed to pursue the suppression of seized evidence. In particular, appellant argues that his trial counsel failed to file a motion to suppress evidence he purports was illegally seized.
 {¶ 8} The record, however, supports that a motion to suppress was filed, a hearing was held and the motion denied by the court. It appears from the record that appellant changed counsel prior to trial, because the record reflects that the motion to suppress was not filed by the same attorney who represented appellant at trial. Nonetheless, a motion to suppress was filed and ruled on by the court. Counsel, therefore, cannot be said to be ineffective for failing to pursue a course of action the trial court had previously determined was meritless.
 {¶ 9} Appellant's first assignment of error is not well taken and is overruled.
 II. {¶ 10} In his second assignment of error, appellant contends that his convictions were against the manifest weight of the evidence. A manifest weight of the evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of the issue rather than the other. State v. Thompkins, (1997),78 Ohio St.3d 380, 387. It is not a question of mathematics, but depends on its effect in inducing belief. Id. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost his or her way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 11} We see no manifest miscarriage of justice. The testimony of the state's three witnesses was consistent. Detectives Pirinelli and Connors observed appellant enter the house under surveillance and exit a short time later. Detective Pirinelli observed a large white object in appellant's cupped hand that was later identified as crack cocaine. Detective Connors observed the cell phone fall from Ms. Clark's pant leg as she exited appellant's vehicle. When questioned, she handed over a plastic bag containing pre-packaged crack cocaine and testified that appellant had not only given her the cell phone to hide but the plastic bag as well. Both detectives testified that appellant claimed ownership of the drugs and that Ms. Clark was uninvolved.
 {¶ 12} Appellant argues that his admission that the confiscated drugs were his is questionable and that Ms. Clark lacks credibility because she is on probation for a prior felony offense. We see nothing questionable about appellant's statement to the detectives. Both detectives' testimony was consistent not only with each other but with that of Ms. Clark. The jury, observing Ms. Clark's demeanor, obviously found her testimony to be credible and we see nothing in the record to support a contrary conclusion.
 {¶ 13} There being no manifest miscarriage of justice, it cannot be said that the jury's verdict was against the manifest weight of the evidence.
 {¶ 14} Appellant's second assignment of error is not well taken and is overruled.
 III. {¶ 15} In his third assignment of error, appellant contends that the trial court erred in ordering his sentence in this case to run consecutive to that of case number 404404, an unrelated case not part of this appeal.
 {¶ 16} R.C. 2929.14 governs the imposition of prison terms for felony convictions and authorizes the imposition of consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4).
 {¶ 17} Imposing consecutive prison terms for multiple convictions, therefore, is appropriate upon making certain findings as enumerated in this statute. When the trial court does so, however, it must state its reasons on the record. See R.C. 2929.19(B)(2)(c). Failure to sufficiently state these reasons on the record constitutes reversible error. See State v. Albert (1997), 124 Ohio App.3d 225; see, also, Statev. Gary (2001), 141 Ohio App.3d 194.
 {¶ 18} At the sentencing hearing, the trial court stated that it was sentencing appellant in both the instant case, case number 399243, as well as the unrelated case, case number 404404. Continuing, the court stated:
 {¶ 19} "The Defendants (sic) was convicted at trial by a jury on counts one and two for case 399243, and convicted by a plea in 404404, counts two and three.
 {¶ 20} "* * *
 {¶ 21} "Case number 404404, count two is a felony of the fourth degree, with a possible term of six to 18 months in prison. Count three is a felony of the fifth degree, with a possible term of six to twelve months in prison."
 {¶ 22} As can be surmised, no specific offense is named, only the degree of felony and the corresponding prison term authorized by statute. After giving defense counsel and appellant an opportunity to speak, the court detailed appellant's past criminal history. Continuing, the court stated:
 {¶ 23} "Based upon your prior record and charges before you and the convictions in these two cases, the Court sentences you as follows: Count one in 399243, being a felony of the first degree, to seven years in prison; count two, a felony of the fourth degree, to 17 months in prison, to run concurrent to each other.
 {¶ 24} "In case number 404404, count two, a felony of the fourth degree, it is 17 months in prison; count three, a felony of the fifth degree, to eleven months in prison, to be concurrent to each other, but consecutive to the sentence imposed in case number 399243.
 {¶ 25} "The Court has made consecutive sentences based upon a review of your criminal history and prior prison sentences, and believes that consecutive sentences are necessary in order to fulfill the statutory purposes, and that they are not disproportionate to the seriousness of your conduct. And that in order to properly protect the public consecutive sentences are necessary."
 {¶ 26} Without any mention of what "conduct" supported the convictions in case number 404404, we are at a loss to justify the trial court's determination and decision to impose consecutive sentences that would be in compliance with R.C. 2929.14(E)(4). To be sure, the trial court's reference to appellant's criminal history arguably supports its finding that running the sentences between the two cases consecutively is necessary to protect the public from future crime. Nonetheless, not only does the record fail to disclose the offenses comprising case number 404404, there is no reference to the conduct that gave rise to those offenses. Without as much, we are unable to find that the trial court underwent the proportionality analysis required by R.C. 2929.14(E)(4) before it ordered the sentences in these two cases to run consecutive to each other.
 {¶ 27} Appellant's third assignment of error is well taken and is sustained.
 {¶ 28} The judgment of the trial court is affirmed, in part. Appellant's sentence is vacated and the case remanded for resentencing in accordance with R.C. 2953.08(G)(1).
Conviction affirmed, sentence vacated and the cause is remanded for resentencing consistent with the opinion herein.
Anne L. Kilbane, P.J., and James J. Sweeney, J., concur.
[1] Appellant's brief refers to this witness as "Rikole Smith." The transcript, however, refers to her as "Rikole Clark" as does the state in its brief.