The STATE of Ohio, Appellee,

v.

GRIDER, Appellant.

[Cite as *State v. Grider* (2001), 144 Ohio App.3d 323.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78370.

Decided June 18, 2001.

William D. Mason, Cuyahoga County Prosecuting Attorney, and *Edward M. Walsh*, Assistant Prosecuting Attorney, for appellee.

*Paul Mancino, Jr.; Everett Grider, pro se.*

JAMES D. SWEENEY, Presiding Judge.

Defendant-appellant Everett Grider appeals from the sentence imposed for his conviction on one count of rape and one count of aggravated burglary. The appellant's original sentence was reversed by this court in *State v. Grider* (Feb. 10, 2000), Cuyahoga App. No. 75720, unreported, 2000 WL 146544. Upon remand, the appellant was sentenced to a term of eight years' incarceration on each count, to be served consecutively. The appellant was found to be a sexually oriented offender at the resentencing hearing.

At the resentencing hearing the trial court stated:

"Pursuant to the order of the Court of Appeals, whereas this Court was mandated to resentence him on the charges of rape and aggravated burglary, Defendant is hereby sentenced to Lorain Correctional Institution for eight years on the rape and eight years on the aggravated burglary. Eight years on the rape is Count 1. Eight years on the burglary is Count 2. Counts 1 and 2 will be run consecutively.

"The Court, under [R.C.] 2929.14 makes a finding that the consecutive sentences imposed herein are necessary to protect the public from future crime and such consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public; that the harm caused by the multiple offenses herein was so great or unusual that no single prison term for any of the offenses adequately reflects the seriousness of the conduct.

"Okay. Now we're prepared to go to the classification. The Court remanded the Court's finding of the Defendant being a sexual predator. And, the Court has reviewed all the factors under [R.C. Chapter] 2950 and finds the Defendant to be a sexually oriented offender. First, finds him not to be a sexual predator and finds him to be a sexually oriented offender, which is the lowest classification."

The court then proceeded to inform the appellant regarding his reporting requirements as a sexually oriented offender.

The appellant sets forth four assignments of error.

The first assignment of error:

"Defendant was denied due process of law when he was sentenced to consecutive sentences."

The appellant argues that he was denied due process when the court failed to meet the requirements of R.C. 2929.19(B)(2)(c) in imposing consecutive sentences. The appellant states that tracking the language of the statute, without stating making findings of fact, was not sufficient to comply with the statute.

■ R.C. 2929.19(B)(2)(c) provides that the court shall impose a sentence and shall make a finding that gives its reasons for the sentence if it imposes consecutive sentences under section R.C. 2929.14. The case law generally mirrors the statutory requirement. See *State v. Daniels* (Apr. 26, 2001), Cuyahoga App. No. 77998, unreported, 2001 WL 428299, where this court noted that under R.C. 2929.19(B)(2)(c), the trial court when imposing consecutive sentences must make findings and give its reasons. See, also, *State v. Berry* (Mar. 9, 2000), Cuyahoga App. Nos. 75470 and 75471, unreported, 2000 WL 263733; *State v. Jordan* (Nov. 12, 1998), Cuyahoga App. No. 73478, unreported, 1998 WL 787394; *State v. Collins* (Dec. 11, 1997), Cuyahoga App. Nos. 71717 and 71718, unreported, 1997 WL 764812; and *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131.

■ Further, while recitation of the court's findings is a necessary component of felony sentencing in the state of Ohio, *State v. Moore* (2001), 142 Ohio App.3d 593, 756 N.E.2d 686, it has been held that merely reciting or tracking the statutory language in R.C. 2929.14 is not sufficient to comply with the mandate set forth in R.C. 2929.19(B)(2)(c) to provide a reason for the consecutive sentence. *State v. Gonzalez* (Mar. 15, 2001), Cuyahoga App. No. 77338, unreported, 2001 WL 259186; *State v. De Amiches* (Mar. 1, 2001), Cuyahoga App. No. 77609, unreported, 2001 WL 210020; *State v. Craft* (Apr. 27, 2001), Fulton App. No. F–00–013, unreported; *State v. Johnson* (Sept. 29, 2000), Franklin App. No. 99AP–1463, unreported, 2000 WL 1455306.

The trial court failed to satisfy the mandates of R.C. 2929.19(B)(2)(c) when it failed to provide on the record a reason for its decision to impose consecutive sentences.

The first assignment of error is well taken.

The second, third, and fourth assignments of error will be considered together as they contain similar issues of law and fact:

"Defendant was denied due process of law when the court proceeded to find defendant to be [*sic*] sexually oriented offense [*sic*].

"Defendant was denied due process of law when a determination that defendant was a sexually oriented offender was made when there were no such pleading or allegation in this case.

"Defendant was denied due process of law when he was declared to be a sexually oriented offender when no evidence was presented."

In the second assignment of error, the appellant asserts that the court denied him due process by classifying him as a sexually oriented offender when, in his first appeal, this court vacated the sexual predator determination. In the third

assignment of error, the appellant argues that he was denied due process because there was no indication in the indictment that he would be considered a sexually oriented offender if convicted. Finally, the appellant contends that the trial court erred in denying him a hearing prior to finding him to be a sexually oriented offender.

The Ohio legislature has devised a system whereby a sentencing court must determine whether sex offenders fall into one of the following classifications: (1) sexually oriented offender; (2) habitual sex offender; or (3) sexual predator. *State v. Eppinger* (2001), 91 Ohio St.3d 158, 743 N.E.2d 881. R.C. 2950.09. A sexually oriented offender is one who has committed a "sexually oriented offense" as that term is defined in R.C. 2950.01(D) but who does not fit the description of either habitual sex offender or sexual predator. *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570. Only the trial court may designate a sexually oriented offender as a predator, and it may do so only after holding a hearing where the offender is entitled to be represented by counsel, testify, and call and cross-examine witnesses. R.C. 2950.09(B)(1) and (C)(2); *Cook, supra.*

This court specifically held that the status of sexually oriented offender attaches by operation of law and that a hearing is not required. *State v. Mickey* (Apr. 5, 2001), Cuyahoga App. No. 77889, unreported, 2001 WL 333788. Thus, the trial court did not err in imposing the classification of sexually oriented offender on the appellant without a hearing and did not err in proceeding in face of a silent indictment. Additionally, as the appellant correctly points out, it is clear that in the first appeal, *Grider, supra,* this court vacated the finding that the appellant was a sexual predator on the merits. This vacation of the sexual predator status does not in any way change the fact that the appellant is a sexually oriented offender as a matter of law.

The appellants second, third, and fourth assignments of error are overruled.

The appellant's conviction and sexually oriented offender status are affirmed. Case remanded for resentencing.

*Judgment accordingly.*

MICHAEL J. CORRIGAN and ANN DYKE, JJ., concur.