JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Everett Grider, appeals the trial court order denying his request to merge two of the offenses of which he was convicted, namely, aggravated burglary and rape. Defendant also argues the trial court erred by sentencing him to consecutive terms of imprisonment rather than concurrent terms. For the reasons that follow, we affirm the judgment of the trial court in part, vacate defendant's sentences and remand for resentencing.
{¶ 2} In May 1998, Defendant was charged with one count of rape, one count of aggravated burglary, and one count of kidnapping. The case proceeded to a bench trial in November 1998. On November 19, 1998 defendant was found guilty on all three counts. Defendant was sentenced to three ten-year terms, all to be served consecutively. Defendant was also found to be a sexual predator.
{¶ 3} Defendant appealed his convictions and sentences.[1] This court affirmed the convictions but vacated the determination that defendant was a sexual predator and remanded the case for resentencing on the rape and aggravated burglary charge. State v. Grider (Feb. 10, 2000), Cuyahoga App. No. 75720 (Grider I).[2]
{¶ 4} On June 26, 2000, defendant was resentenced to eight years on the rape conviction and another eight years on his conviction for aggravated burglary, again with both sentences to run consecutively. Defendant filed another appeal in this court arguing that the court erred in sentencing him to consecutive terms. This court agreed and remanded the case for a third resentencing. State v. Grider (2001),144 Ohio App.3d 323, 760 N.E.2d 40, appeal not allowed, (2001),93 Ohio St.3d 1446, 756 N.E.2d 112 (Grider II).
{¶ 5} On November 8, 2001, the third resentencing hearing was held. During the hearing, defense counsel argued that the rape and aggravated burglary convictions should be merged because the rape constituted an element of the aggravated burglary. The court denied the merger request and imposed two six-year sentences for each conviction, both to run consecutively. The court stated:
 {¶ 6} I find that consecutive service here is necessary to protect the public from future crimes. And also to punish the offender. Also it's not disproportionate to the seriousness of the offender's conduct. And to the danger that the defendant poses to the public. This was a violent crime with all intent thereto.
{¶ 7} (Tr. 7.)
{¶ 8} After sentencing, defendant filed this timely appeal in which he presents two assignments of error.
 {¶ 9} I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO CONSECUTIVE TERMS OF IMPRISONMENT.
{¶ 10} R.C. 2929.14(E)(4) requires the trial court to make specific findings on the record before it can properly impose consecutive sentences. The statute states:
 {¶ 11} (E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 12} (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 13} (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 14} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
(Emphasis added.)
{¶ 15} The court must find that [1] consecutive sentences are necessary to protect the public from future crime or to punish the offender and * * * [2] consecutive sentences are not disproportionate to the seriousness of the offender's conduct and [3] they are not disproportionate to the danger the offender poses to the public * * *. In addition, the court must make a finding satisfying one of subsections (a)-(c). State v. Lewis (June 28, 2002), Lake App. No. 2001-L-060, 2002-Ohio-3373. Lastly, when the trial court makes the above findings, it must also state the reasons for its findings. R.C. 2929.19(B)(2)(c); State v. Gary (2001), 141 Ohio App.3d 194, 750 N.E.2d 640.
{¶ 16} Failure to sufficiently state the reasons for imposing consecutive prison terms for convictions of multiple offenses constitutes reversible error. Gary, supra; State v. Hoole (Nov. 8, 2001), Cuyahoga App. No. 79515. This court has held that merely reciting or tracking the statutory language in R.C. 2929.14 is not sufficient to comply with the mandate set forth in R.C. 2929.19(B)(2)(c) to articulate the reasons for consecutive sentences. Hoole, supra; State v. Gonzalez, (March 15, 2001), Cuyahoga App. No. 77338; State v. De Amiches, (March 1, 2001), Cuyahoga App. No. 77609; State v. Craft, (April 27, 2001), Fulton App. No. F-00-013; State v. Johnson, (Sept. 29, 2000), Franklin App. No. 99AP-1463.
{¶ 17} In the case at bar, during the third resentencing, even though the trial court recited all the necessary statutory language, it failed to give any reasons other than the violent nature of the crimes defendant committed, to support its findings. Though the court mentioned the defendant's violent conduct during the commission of his crimes, the trial court, nonetheless, failed to fully articulate how defendant's conduct justified consecutive sentences under all the statutory criteria. Gary, supra. The trial court has again failed to engage in the analysis required in imposing consecutive sentences — a deficiency this court originally explained in both Grider I and Grider II. Defendant's first assignment of error is sustained and this matter is again remanded for resentencing.
 {¶ 18} II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT FAILED TO MERGE THE OFFENSES.
{¶ 19} Defendant contends the crimes of aggravated burglary and rape are allied offenses and should have been merged by the trial court. We disagree for the following reasons.
{¶ 20} In this appeal, there is nothing in the record to indicate that defendant preserved the issue of merging his aggravated burglary and rape charges in the trial court. The request to merge the offenses should have occurred in Grider I. Defendant's first attempt to obtain a merger of these offenses was in the lower court on remand after two appeals.[3]
The request was thus untimely. Because defendant did not request a merger of the aggravated burglary and rape charges in Grider I, defendant has waived the issue in each subsequent appeal.
{¶ 21} As a matter of law, because defendant failed to raise the merger issue in Grider I, that issue is now barred by the doctrine of res judicata. This doctrine establishes that "a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." State v. D'Ambrosio (1997),73 Ohio St.3d 141, 143, 652 N.E.2d 710.
{¶ 22} Absent plain error, a defendant's failure to raise the issue of allied offenses of similar import[4] at the time of his conviction or sentencing constitutes a waiver of the claimed error on appeal. State v. Houser (May 30, 1996), Cuyahoga App. No. 69639, citing State v. Comen (1990), 50 Ohio St.3d 206, 211, 553 N.E.2d 640.
{¶ 23} In the case at bar, we find no plain error, however, because aggravated burglary and rape are not allied offenses of similar import. State v. Lamberson (Mar. 19, 2001), Madison App. No. CA2000-04-012. Defendant's second assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. MCMONAGLE, A.J., AND MICHAEL J. CORRIGAN, J., CONCUR.
[1] Case No. 75720.
[2] Grider I details the underlying facts leading to defendant's convictions, including the fact that he had raped a physically disabled, minor girl.
[3] The transcript of the proceedings from the sentencing hearing in the case at bar shows that defendant claimed, it wasn't where it was two separate offenses * * *. I would respectfully ask the Court to consider, you know a lesser sentence, and possibly even run them concurrently, because it's the same events. Tr. at 4. We do not consider these statements to be a request for a merger of the aggravated burglary and rape charges. However, even assuming the statements do qualify as such a request, it is still untimely because it should have been made in Grider I.
[4] R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of similar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.