JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant, Robert Chancellor, appeals his designation as a sexual predator. Defendant pleaded guilty to one count of rape, one count of kidnapping, and one count of felonious assault. Defendant had grabbed a woman who was seven months pregnant off the street, dragged her into an abandoned garage, beat her and repeatedly raped her. She escaped from the garage and he tackled her on the grass, where the police intervened and rescued her. She was treated at the hospital for bruises and abrasions. Once defendant agreed to enter a plea, the state nolled two additional counts of rape and an aggravated robbery charge. A sexual predator hearing was held, after which the court designated him a sexual predator. He timely appealed.
 {¶ 2} Defendant states two assignments of error. For his first assignment of error, appellant states:
 {¶ 3} "I. The court's decision finding the defendant to be a sexual predator was not supported by sufficient evidence and was against the manifest weight of the evidence."
 {¶ 4} Defendant argues that the trial court did not set forth sufficient reasons for finding him a sexual predator. Moreover, he argues that the evidence was insufficient to support a finding that he was likely to commit a sexually oriented offense in the future.
 {¶ 5} The standard of proof for determining sexual predator status is clear and convincing. "The sexual predator determination requires * * * evidence the offender is likely to engage in the future in one or more sexually oriented offenses. Not only must it be probable (more likely than not) that such a future offense will occur, but such likelihood must be proven by the heightened standard of clear and convincing evidence." State v. Arthur (2001), Cuyahoga App. No, 77770, 2001 Ohio App. LEXIS 3596, at *9. In order to satisfy this standard, "there must be something of substance from which one could draw a logical conclusion concerning the likelihood of recidivism to reach a firm belief or conviction that defendant is likely to commit a sexually oriented offense in the future." Id. at 10.
 {¶ 6} Defendant claims that the factors listed in R.C. 2350.09, which the court is to consider in making its determination, do not support the court's decision. Instead of supporting the designation of him as a sexual predator, he argues, the factors actually show that he is not likely to commit a sexually oriented offense in the future. The factors listed in R.C. 2350.09 include,
 {¶ 7} "(a) The offender's * * * age;
 {¶ 8} "(b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 9} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 10} "(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
 {¶ 11} "(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 12} "(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
 {¶ 13} "(g) Any mental illness or mental disability of the offender * * *;
 {¶ 14} "(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 15} "(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 16} "(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 17} Although the court is required to consider all these factors, it is not required to list them at the hearing. Rather, it should address the factors it considers pertinent, as well as any other significant factors not contained in the list. State v. Cook (1998),83 Ohio St.3d 404, 426.
 {¶ 18} The trial court may consider a number of sources in making its determination, including "trial transcripts, victim statements, and * * * pre-sentence reports that either relate to the factors listed in R.C. 2950.09(B) or are probative of the second prong of the statutory definition * * *." State v. Ferrell (1999), Cuyahoga App. No. 72732, 1999 Ohio App. LEXIS 1048, *11. Additionally, "the use of expert testimony, whether such testimony is psychiatric, psychologic, or criminologic, may be useful in supplementing the bare facts of a conviction." Id.
 {¶ 19} In determining defendant to be a sexual predator in the case at bar, the trial court considered the presentence report including his criminal history. The court held a complete hearing, addressing the factors as delineated in the statute.
 {¶ 20} The court's findings include defendant's age of 27, which it interpreted as working against him because this was not a "youthful mistake." Tr. at 17. The court also focused on defendant's criminal history, which includes several drug offenses and motor vehicle offenses, and the court found those offenses to be significant as evidence defendant "continues to commit crimes." Tr. at 18.
 {¶ 21} The court also stated that it considered the nature of the sexual conduct and whether the defendant displayed cruelty in the act, stating, "the facts and circumstances of this crime are horrendous. He snatched a woman off the street, he took her to a garage, closed the door and for over an hour raped her * * *." The court also pointed out the "abrasions, cuts, bruises, welts" caused by the assault. Finally, the court stated, "[s]he is a seven-month pregnant woman. I find that appalling." Tr. at 19.
 {¶ 22} The court concluded that defendant's lies in recounting the incident to the police, as well as his lack of remorse[1] and his claim that the victim was a prostitute with whom he was doing business, provided the clear and convincing evidence necessary to find him to be a sexual predator.
 {¶ 23} "Clearly, the trial court is the trier of facts in sexual classification hearings. On appeal, therefore, this court's role is to determine whether the weight of the evidence supports the trial court's decision. * * * Decisions that are supported by competent, credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence." State v. Hill (2002), Cuyahoga App. No. 78546, 2002 Ohio App. LEXIS 478, at *16.
 {¶ 24} In reviewing the record, including the presentence investigation, however, we do not find that the evidence clearly and convincingly supports a sexual predator determination in this case. As the Ohio Supreme Court explained in State v. Eppinger (2001),91 Ohio St.3d 158, 162, "a person who has been convicted of or has pled guilty to committing one sexually oriented offense is not necessarily likely to engage in the future in one or more sexually oriented offenses. One sexually oriented offense is not a clear predictor of whether that person is likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile."
 {¶ 25} After reviewing the presentence investigation and applying the factors listed in the statute, we observe that although defendant has a criminal history, none of his previous convictions were sexual or violent in nature. Rather, his convictions were for drug, motor vehicle, and open container violations. Defendant admitted to having a drug and alcohol problem but attended a rehabilitation program following his release from prison in 1998. None of the specific problems underlying his prior convictions particularly supports a sexual predator classification.
 {¶ 26} The next factor in the statute is the age of the victim: she was thirty-five-years old at the time of the assault. The statute addresses the age of the victim, however, especially to protect children in sexual crimes. State v. Cook (1998), 83 Ohio St.3d 404, 406 and 422. This factor, as applied to defendant, therefore, does not especially favor the sexual predator classification. Additionally, there was only one victim in this case.
 {¶ 27} Defendant did not use drugs or alcohol to prevent the victim from resisting. The presentence report notes that defendant does not have a history of childhood abuse or psychiatric problems. There are many statutory factors that do not favor applying the sexual predator classification to defendant.
 {¶ 28} In finding defendant a sexual predator, the trial court was "appalled" specifically by the fact that defendant attacked a pregnant woman. There is no evidence, however, he knew or should have known before the rape that the victim was pregnant.[2] Additionally, we note a statement by the victim at the hospital: "he just kept hitting me and hitting me asking me where's the money * * *." State's Ex. 1. This statement implies that defendant's motive was theft and not sexual gratification.
 {¶ 29} This court has previously explained the standard the trial court must use: "Predicting the future is subject to uncertainty. We do not require unattainable perfection. But, even within the limits attendant to that task, the evidence must furnish a basis for logically choosing between two alternative possibilities. The clear and convincing standard does not permit mere conjecture or speculation." Arthur at 25.
 {¶ 30} Using this standard, we conclude there is not clear and convincing evidence here to support a "firm belief or conviction that defendant is likely to comment a sexually oriented offense in the future." Arthur, supra.
 {¶ 31} The first assignment of error has merit.
 {¶ 32} For his second assignment of error, appellant states:
 {¶ 33} "II. The defendant was denied the effective assistance of counsel when his attorney failed to request the appointment of an expert to evaluate him and assist the court in making a determination at the sexual offender classification hearing."
 {¶ 34} Because we find that defendant's classification as a sexual predator is in error, this assignment of error is moot. We note parenthetically, however, that the Eppinger Court held that the appointment of an expert, when requested by defendant, is not mandatory, although we encourage offering such expertise.
 {¶ 35} When addressing whether failure to request an expert constitutes ineffective assistance of counsel, the burden of proof is on the defendant to prove not only that counsel's assistance was deficient, but also that the outcome of the hearing would have been different but for that deficiency. State v. Bradley (1989), 42 Ohio St.3d 136. This high standard cannot be reached, without knowing whether the results of the expert's examination would have been favorable to defendant or not. Because the burden of proof in a sexual predator hearing is on the prosecutor, asking for an expert could expose a client to a greater risk of an adverse finding. It is arguable that asking for an expert who then finds defendant likely to reoffend could be ineffective assistance.
 {¶ 36} The judgment of the trial court classifying defendant as a sexual predator is vacated. "This vacation of the sexual predator status does not in any way change the fact that the appellant is a sexually oriented offender as a matter of law." State v. Grider, (2001),144 Ohio App.3d 323, 327. Judgment vacated. Because defendant's status as a sexually oriented offender attaches by law and does not require a hearing, defendant is classified as a sexually oriented offender.
Judgment is vacated.
FRANK D. CELEBREZZE, JR., P.J., dissents with separate dissenting opinion.
COLLEEN CONWAY COONEY, J., concurs in judgment only.
[1] We note, however, the presentence report indicated defendant expressed remorse, although the reason is unclear, that is whether defendant felt sympathy for the victim or dreaded going to prison.
[2] The victim was 5'4" tall and weighed 167 pounds.