JOURNAL ENTRY AND OPINION
 I. {¶ 1} This is the fourth appeal brought by defendant-appellant Everett Grider. Originally convicted of rape, kidnapping and aggravated burglary in 1998, he has thrice successfully appealed the sentences imposed. Here, he again argues that the trial court improperly imposed the sentence. For the reasons set forth below, we affirm.
 II. {¶ 2} The procedural history of this matter is as follows. Grider was originally convicted in November 1998 of rape, kidnapping and aggravated burglary, all of which are felonies of the first degree. He was originally sentenced to three consecutive ten-year terms and was adjudicated a sexual predator. This court vacated the kidnapping conviction, holding that it was an allied offense of similar import with the rape charge. This court also vacated the sexual predator adjudication and remanded for resentencing. State v. Grider (Feb. 10, 2000), Cuyahoga App. No. 75720.
 {¶ 3} At resentencing, Grider was sentenced to two consecutive eight-year terms. This court again reversed and remanded for the purposes of resentencing, finding that the trial court failed to provide on the record the reasons for its sentence. State v. Grider (2001),144 Ohio App.3d 323.
 {¶ 4} At this third sentencing, the trial court imposed two consecutive six-year terms. This court once again reversed, holding that the trial court had not provided the reasons for its sentence. State v.Grider, Cuyahoga App. No. 80617, 2002-Ohio-3792.
 {¶ 5} At issue here is Grider's fourth sentencing hearing, after which Grider was sentenced to six years for the rape conviction and six years for the burglary conviction, to run consecutive to one another.
 III. {¶ 6} Grider appeals, arguing that the trial court erred (1) by imposing consecutive sentences without following the statutory criteria and (2) by imposing consecutive sentences which exceeded the maximum for a felony of the first degree.
 A. {¶ 7} To impose consecutive sentences, a court must follow the requirements of R.C. 2929.14(E)(4), the relevant version of which reads:
 {¶ 8} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 9} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 10} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 11} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 12} In addition, when imposing consecutive sentences, the sentencing court must provide "its reasons for imposing the consecutive sentences." R.C. 2929.19(B)(2)(c).
 {¶ 13} Here, the trial court stated:
 {¶ 14} "* * * The Defendant's hereby sentenced — resentenced under the remand of the Court of Appeals for the following reasons: I've reviewed the transcript of the trial as well as the presentence investigation report. The facts were that the Defendant, who was a stranger to this 15-year-old physically disabled victim, entered her home without permission, forced this child to have sexual intercourse with him.
 {¶ 15} "The facts reveal that he was visiting the upstairs unit of the house. He'd been drinking. He was seen with her; walked down the street, entered her home, forced himself on her, held his hand over her mouth, took her clothes off, had sexual intercourse with her.
 {¶ 16} "He admitted of his own admission, he estimated her age at 14. He thought she was retarded, and she had a tracheal tube.
 {¶ 17} "Now, he was on parole, there is no question about that, from an earlier conviction for attempted burglary in which case he had been given probation; twice violated that probation, sent to prison to serve his time. Released on parole, he committed this horrendous offense against this young, retarded, disabled girl.
 {¶ 18} "It's clear to this Court that the crimes were committed while he was under post-release control or parole or whatever other name the Court of Appeals wants to refer to it. The harm was so great or unusual a single term does not adequately reflect the seriousness of the conduct herein. His criminal history shows that consecutive terms are needed to protect the public.
 {¶ 19} "For these reasons and all other reasons that we've already alluded to, under 2929.19(B)(2)(c), Defendant's hereby sentenced to six years on Count 1, six years on Count 2; Counts 1 and 2 to run consecutively with each other.
 {¶ 20} "* * *
 {¶ 21} "Consecutive sentences are necessary to protect the public, and it's not disproportionate to the seriousness of the conduct.
 {¶ 22} "I think also that I would offer any language, and I feel I've incorporated all the language, required under 2929.12."
 {¶ 23} Further, previous to these statements, the court, during discussions with counsel, stated, "Well, this is one of the most horrendous cases I've ever had the unfortunate occasion to preside over. I mean, here's a girl that's a disabled young girl; she's got a tube. I mean, it's just — I don't know any other word to describe it other than horrendous." The court also stated that Grider "admitted in a statement to the police, he estimated her age at 14. He thought she was retarded and he saw the tracheal tube. That's all the more staggering in view of what happened."
 {¶ 24} Based on the above statements, we hold that the trial court has met the statutory requirements for imposing consecutive sentences. The trial court made the requisite findings and supported those findings with reasons.
 B. {¶ 25} Grider next argues that the trial court erred by not following R.C. 2929.19(B)(2)(e), which states: "If the sentence is for two or more offenses arising out of a single incident and it imposes a prison term for those offenses that is the maximum prison term allowed for the offense of the highest degree by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."
 {¶ 26} Here, the convictions below did arise out of a single incident. The maximum term allowed for either offense is ten years. R.C.2929.14(A)(1). The court imposed a prison term of twelve years (two consecutive six-year sentences) without providing reasons therefor, as required by R.C. 2929.19(B)(2)(e).
 {¶ 27} Grider, however, failed to raise this issue on any of his three previous appeals. The same issue existed after each sentence imposed, yet Grider waits until this, his fourth, sentencing appeal. In our most recent remand, we wrote that the "trial court has again failed to engage in the analysis required in imposing consecutive sentences[.]"Grider, 2002-Ohio-3792, at ¶ 16 (emphasis added). Therefore, the issue before this court, as briefed and argued by counsel, was the lower court's imposition of consecutive sentences. The lower court has corrected the sentence as it was remanded. We will not consider this new issue, which could have been raised before.
 IV. {¶ 28} This case demonstrates that Senate Bill 2 can be something of a minefield for the courts. In three prior sentences, the issue of R.C. 2929.19(B)(2)(e) had not been raised by Grider, even though it was obviously present at all times and could have, and arguably should have, been raised during the first appeal.
 {¶ 29} We must ask at what cost these remands are made. In this case, Grider has benefitted since the court has actually reduced his initial sentence. But this is the rare case. Many of our remands for resentencing simply ask the lower courts to fill in the blanks left empty during sentencing — the substance of the sentence does not change and the court simply complies with the procedural aspects of the sentence. Not only is this practice expensive, but the great majority of defendants unnecessarily and unfairly have their hopes dashed. Cost containment was supposed to be one of the principal effects of S.B. 2. See Griffin and Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.R.L.Rev. 1.
 V. {¶ 30} We therefore affirm. The trial met the statutory requirements of R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c) in imposing the consecutive sentences.
Judgment affirmed.
JAMES J. SWEENEY, J., and SEAN C. GALLAGHER, J., CONCUR.