JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Algie Wilson ("defendant") appeals from the consecutive sentences imposed by the trial court after he pled guilty to the following: aggravated robbery, failure to comply, aggravated robbery with notice of prior conviction and repeat violent offender specifications, and robbery with notice of prior conviction and repeat violent offender specifications. For the following reasons, we affirm.
 {¶ 2} Beginning at 6 a.m. on June 18, 2004, defendant entered a McDonald's on Euclid Avenue where he robbed the cashier by removing money from her register. He fled in his car and in the process ran over another McDonald's employee who was trying to stop him. That victim suffered a broken leg. An hour later, defendant robbed a Shell gas station on Euclid Avenue attended by a 15-year-old male. At 12:17 p.m., defendant shoved a 22-year-old cashier at Popeye's Chicken on Euclid Avenue as he took money from her register. Finally, around 6:30 p.m., defendant fled Cleveland police in a high speed car chase. Defendant jumped out of his moving vehicle. Officers subsequently apprehended defendant and placed him under arrest.
 {¶ 3} Defendant was charged with multiple offenses relative to the McDonald's incident and the police chase in Case No. CR-455788. Defendant entered a plea of guilty to aggravated robbery and failure to comply; in exchange, the remaining four counts were dismissed. Case No. CR-457281 related to the incidents involving the Shell gas station and the Popeye's restaurant. Defendant was indicted in that case with aggravated robbery (count one), robbery (count two), and having a weapon while under disability (count three). Counts one and two both included notice of prior conviction and repeat violent offender specifications. Count one included additional firearm specifications. Defendant pled guilty to counts one and two; in exchange, all firearm specifications were deleted and count three was dismissed.
 {¶ 4} The trial court imposed the following sentence in Case No. CR-455788: eight years on count one served consecutive to four years on count two and consecutive to all other sentences. In Case No. CR-457281, defendant received nine years on count one consecutive to six years on count two and consecutive to all other sentences. The trial court did not impose any additional time for the repeat violent offender specifications. Defendant received a total prison term of 27 years.
 {¶ 5} "I. Algie Wilson has been deprived of his liberty without due process of law by the consecutive sentence imposed on him as said sentence does not comport with Ohio's new sentencing structure."
 {¶ 6} Defendant claims that the trial court's decision to impose consecutive sentences is not supported in the record by the requisite clear and convincing evidence and that the trial court failed to make the findings required by R.C. 2929.14(E)(4). We do not agree.
 {¶ 7} R.C. 2929.14(E)(4) provides as follows:
 {¶ 8} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 9} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 10} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 11} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 12} The judge informed the defendant he would impose a sentence "commensurate with the crimes and [defendant's] record, and [defendant's] background, [and] the harm [he] caused to the [victims]." The judge noted a need to impose a sentence that would "protect the public from future crime" of the defendant. The judge discussed the severity of defendant's crimes and went into lengthy detail and analysis of why defendant's crimes reflected a greater dangerousness to the community compared to crimes of other offenders. The judge noted defendant's failure on parole. The judge found and reasoned "you were out on parole, you have an unenviable history of convictions and crimes of violence, the remorse is minimal, and it would appear to me that you're a highly dangerous individual, highly dangerous to yourself and to society, and that incarceration is necessary to deter you and incapacitate you from future crime."
 {¶ 13} In this case, defendant relies on State v. Grider
(2001), 144 Ohio App.3d 323. In Grider, this Court remanded for a new sentencing hearing because the trial court merely recited the statutory language in R.C. 2929.14 to support its imposition of consecutive sentences. The remand was necessitated by the lower court's failure to provide any reasons in support of the findings.
 {¶ 14} Unlike Grider, the record in this case reflects a lengthy discussion by the judge of his findings and rationale behind the sentences imposed. (Tr. 57-63). The only thing absent is a verbatim recitation by the judge of the R.C. 2929.14(E)(4) findings.
 {¶ 15} It is not necessary for the trial court to use the exact language of R.C. 2929.14, as long as it is clear from the record that the trial court made the required findings. SeeState v. Williams, Cuyahoga App. No. 79273, 2002-Ohio-503. Having reviewed the record, we find it is clear that the trial court made the required findings, albeit without using the exact statutory language. The findings and reasons are supported by clear and convincing evidence in the record, that includes crimes of violence against four different victims. Therefore, this assignment of error is overruled.
 {¶ 16} "II. Algie Wilson has been deprived of his liberty without due process of law and of his constitutional right to a trial by jury by the consecutive sentences imposed on him, for the reason that a jury did not find the facts which supported the imposition of consecutive sentences."
 {¶ 17} Defendant's argument that his consecutive sentences violate the U.S. Supreme Court's decision in Blakely v.Washington (2004), 542 U.S. 296, 124, S.Ct. 2531,159 L.Ed.2d 403 has been addressed in this Court's en banc decision of Statev. Lett (May 31, 2005), Cuyahoga App. Nos. 84707 and 84729,2005-Ohio-2665. In Lett, the majority of this Court held that R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., and McMonagle, J., Concur.